## Hershey *et al. versus* Shenk *et al.*

1. A substantial addition of material parts or rebuilding on another and larger scale constitutes a new building, although parts of the old are preserved and incorporated into the new.

2. A kitchen is an erection which will authorize the filing of a mechanic's claim, and the lien will extend to the main building to which the kitchen is attached.

3. Suing out a scire facias will continue the lien of a judgment for five years, if duly prosecuted; but if a judgment be not obtained until more than five years after issuing the scire facias, the lien of the original judgment is gone.

4. A mechanic's lien is not a judgment, and the 25th section of the Act of February 1834 (Decedents), does not extend its lien beyond five years by reason of the death of the owner of the building within that period.

May 4th 1868.   Before THOMPSON, C. J., STRONG, READ and SHARSWOOD, JJ.   AGNEW, J., absent.

Error to the Court of Common Pleas of *Lancaster county*: No. 12, to May Term 1868.

On the 13th of November 1856, Benjamin F. Shenk and Robert H. Long entered a mechanics' lien against Solomon Hershey and Joseph McGlinn, contractors, and William A. G. Thompson, owner, &c.   The claim was for "$105.99, against all those two two-story brick dwelling houses, with small double frame building in the yard, situated in the southeastern part of the city of Lancaster, bounded," &c., being a debt contracted for lumber about the erection and construction of the buildings, according to a bill annexed:

On the 11th of November 1861, a scire facias was issued "to revive and continue" the lien.   Within five years after issuing the scire facias, Thompson, the owner, died.

The case was tried June 4th 1867, before Long, P. J.

In addition to proof of furnishing the materials, the plaintiffs' evidence was that the buildings against which the lien was filed were originally a single house, about 18 feet in length, two stories high; the gable end was taken out and the building lengthened 4 feet 3 inches; the timbers lengthened by splicing to old ones; one door before and behind, and three windows put into the new part, the building was divided into two by a lath and plaster partition; the house was thus made into two dwellings; there was a frame back building about 15 feet by 16 feet for each building, and about ten feet distant from the main building.

The plaintiffs' points were:—

[Hershey *v.* Shenk.]

1 and 2. The changes in the building were such as to make it a new erection and subject to the Mechanics' Lien Law.

3. That on the whole testimony the plaintiffs were entitled to recover.

4. An erection of a new building to be used in connection with the main building as an out-house or kitchen, is within the Mechanics' Lien Law.

The defendants' points were,

1 and 2. The plaintiffs, issuing scire facias to November Term 1861, have not pressed the same to revival within five years, and the lien, even though originally valid, is gone.

3 and 4. Related to the question whether the charges were repairs or a new erection.

The judge affirmed the plaintiffs' 4th point; declined to approve the defendants' 1st and 2d points, and reserved the question raised by them; he answered the points of both parties substantially as in the following portion of the charge:—"If you believe from the testimony, that there was such a radical change made in the form and appearance of the house as the testimony seems to indicate, and as is manifested by the taking out of the gable end of the old building, extending the same and enlarging it so much as to make two houses, and also materially altering the internal structure of the building, besides adding two buildings which were to be used as kitchens, then we think those alterations and additions would make the building subject to the lien, and your verdict ought to be for the plaintiffs."

June 4th 1867. There was a verdict for the plaintiffs for $172.97.

August 17th 1867. Judgment was entered for the plaintiffs on the reserved point.

The defendants took a writ of error, and assigned for error the instruction of the court as to the character of the changes in the building, and entering judgment on the reserved question.

*W. Leaman*, for plaintiffs in error.—As to the character of changes in the building, cited Miller *v.* Oliver, 8 Watts 514; Landis' Appeal, 10 Barr 379; Nelson *v.* Campbell, 4 Casey 156; Lightfoot *v.* Krug, 11 Id. 348.

As to the reserved question: Acts of June 16th 1836, § 24, Pamph. L. 701, Purd. 713, pl. 34; 26th March 1827, § 1, 9 Sm. L. 303, Purd. 572, pl. 5; Meason's Est. 4 Watts 341; Sweeney *v.* McGittigan, 8 Harris 319; Silverthorn *v.* Townsend, 1 Wright 263; Fulton's Estate, 1 P. F. Smith 209.

*J. Landis* (with whom was *J. B. Livingston*), for defendants in error.—As to the question of the alterations, cited Armstrong *v.* Ware, 8 Harris 519; Harman *v.* Cummings, 7 Wright 322; Lightfoot *v.* Krug, 11 Casey 348; Pretz & Gansler's Appeal, Id. 349; Driesbach *v.* Keller, 2 Barr 77; Norris' Appeal, 6 Casey 122.

[Hershey *v.* Shenk.]

As to reserved question : Acts of 1836, *supra ;* Act of February 24th 1834, § 25, Pamph. L. 77, Purd. 285, pl. 83 ; Konigmacher *v.* Brown, 2 Harris 269 ; Aurand's Appeal, 10 Casey 151.

The opinion of the court was delivered, May 14th 1868, by

SHARSWOOD, J.—The 1st assignment of error is to the charge of the court below upon the question of the liability of the building to the liens of mechanics. The instruction to the jury was : "If you believe from the testimony that there was a radical change made in the form and appearance of the house, as the testimony seems to indicate, and as is manifested by the taking out of the gable end of the old building, extending the same and enlarging it so much as to make two houses, and also materially altering the internal structure of the building, besides adding two buildings which were to be used as kitchens, then we think those alterations and additions would make the building subject to the lien." That is to say in other words, that if the jury believed these facts to have been substantiated by the evidence, it was in point of law a new erection. This instruction is fully sustained by all the authorities. The principle as laid down originally in Driesbach *v.* Keller, 2 Barr 77, that a substantial addition of material parts, a rebuilding upon another and larger scale, constitutes a new building, even though parts of the old are preserved and incorporated in the new, has been consistently followed in all the subsequent cases : Landis's Appeal, 10 Barr 379 ; Armstrong *v.* Ware, 8 Harris 519. In Nelson *v.* Campbell, 4 Casey 156, it was held that if a new building be erected adjoining an old one, and both were intended by the owner as parts of one tenement, they indicate "the ground" covered by the lien, and of course the houses go with the ground. Accordingly in Lightfoot *v.* Krug, 11 Casey 348, it was determined that a kitchen is an erection which will authorize the filing of a mechanic's claim, and the lien will extend to and bind the main building to which the kitchen is attached. The 1st assignment of error is therefore not sustained.

But we are not able to concur in opinion with the court below in their judgment on the reserved point. The Act of June 16th 1836, § 24, Pamph. L. 701, provides that "the lien of every such debt for which a claim shall have been filed as aforesaid shall expire at the end of five years from the day on which such claim shall have been filed, unless the same shall be revived by scire facias in the manner provided by law in case of judgments." While the mere suing out of a writ of scire facias is effectual to continue the lien of a judgment for a period of five years, provided it be duly prosecuted, and the plaintiff has five years allowed to him in which to obtain his judgment of revival ; Silverthorn *v.* Townsend, 1 Wright 263 ; yet where no such judgment is

[Hershey v. Shenk.]

obtained until more than that time has elapsed, the lien of the original judgment is gone: In re Fulton's Estate, 1 P. F. Smith 204.

This much is undisputed. The application of these principles to mechanics' claims is plain. They are, according to the Act of Assembly, "to be revived by scire facias in the manner provided by law in case of judgments." Within the letter as well as the spirit of the statute the lien of the mechanic's claim in this case had expired. But it is contended that the death of the owner, against whose property the claim was filed within the five years from the suing out of the scire facias, preserves the lien for five years from that time. By the Act of Assembly passed February 24th 1834, § 24, Pamph L. 77, "all judgments which, at the time of the death of a decedent, shall be a lien on his real estate, shall continue to bind such estate during the term of five years from his death, although such judgments be not revived by scire facias or otherwise after his death." It is not pretended that this provision in terms applies to the case, but the court below thought it right to adopt it by way of analogy. This is a species of judicial legislation which certainly ought never to be resorted to, and never has been, except in some few cases where a clear necessity exists to adopt some period of time as a rule of presumption. Thus twenty years was judicially selected in England in analogy to the Statute of Limitation for presumption of a grant or release of an incorporeal right—and for presumption of payment of a bond or judgment. So also the presumption of death after an absence of seven years in analogy to the statutes of 1 Jac. 1, c. 11, § 2, and 19 Car. 2, c. 6, as to bigamy and leases: Burr v. Sims, 4 Whart. 170. In our own jurisprudence a resort has been had to the same period of seven years in many cases in analogy to the 5th section of the Act of March 26th 1786, which limited settlers out of possession to that time to bring suit: Whitcomb v. Hoyt, 6 Casey 403. Other instances might be given. But no such necessity exists in this case. A mechanic's claim is not a judgment: it is not even a debt of the owner of the building in all cases. Should we adopt and apply the provision of the Act of February 24th 1834, § 24, to mechanics' claims, it must logically follow that their lien would continue as against the heirs and devisees of the owner for an indefinite period; at all events until the lapse of twenty years has raised the presumption of satisfaction: for the lien of a judgment at the death of the debtor, though not revived by scire facias within five years, continues against his lands in the hands of his heirs or devisees: Aurand's Appeal, 10 Casey 151; Konigmaker v. Brown, 2 Harris 272. Such a result would have very injurious consequences to the owner's family, to whom the existence of these claims is often unknown. The owner settles with the contractor, and trusting to

[Hershey *v.* Shenk.]

his good faith does not search the docket for claims. They may be revived against his heirs after a long lapse of time, when vouchers are lost and witnesses absent or dead or unknown, or their memory impaired. Thus may very great injustice be done.

Judgment reversed, and now judgment for the defendants below on the reserved point.