## Hunter *et al.* *versus* Lanning *et al.*

| 76          25|
| e 36 SC   643

.. A mechanics' lien was filed November 14th 1865; scire facias issued against contractor and owner March 16th 1866; verdict for plaintiff April 6th 1870, new trial granted; plea October 7th 1871, that five years had elapsed since entry of lien; replication, that continuances were obtained by defendant and that the delay was by their acts and not by default of plaintiffs. On demurrer to the replication that judgment had not been obtained within five years from the issuing of the writ, *Held*, that the lien was gone and judgment was properly entered for defendants.

2. A debt may survive when the lien is gone, and an estoppel to prevent the denial of the debt will not keep the lien alive.

3. The proceeding on a mechanics' lien being *in rem* the lien must appear by the record and not by outside acts of estoppel.

4. An owner cannot be prejudiced by continuing the debt against the contractor.

5. Fulton's Estate, 1 P. F. Smith 204; Hershey *v.* Shenk, 8 P. F. Smith 382, followed.

January 13th .1874.   Before AGNEW, C. J., MERCUR and GORDON, JJ.   SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia :* No. 236, to January Term 1872.

This was a scire facias on a mechanics' lien, issued March 16th 1866, by John C. Hunter and others, trading as John C. Hunter & Co., against Charles Lanning, contractor, and Cyrus Cadwalader, owner.

On the 14th of November 1865, the plaintiffs entered a mechanics' lien against Lanning as contractor, and Cadwalader as owner, the claim being for $622.09.

On the 21st of April 1866, an affidavit of defence was filed, and on the 8th of September 1866, the defendants pleaded: the issue was tried before a jury April 6th 1870, and a verdict rendered for the plaintiffs for $547.74. On the 28th of June 1870, a new trial was granted. On the 2d of October 1871, the defendants filed a special plea, to wit:—

" That plaintiff ought not to have and maintain the aforesaid

[Hunter *v.* Lanning.]

action against defendant, because he says that more than five years have elapsed since the filing of the above claim and the issuing of the above writ, and no judgment has been entered therein, whereby the lien of both the claim and the scire facias above recited are gone," &c.

On the same day the plaintiffs replied: "That a scire facias upon the said claim was duly issued within the period of five years from the filing of the said claim, and several times after issue joined upon the pleas filed by defendant, of non assumpsit, payment, and set-off with leave, &c., the said defendant obtained continuance of the trial of the said case, and sci. fa. issues upon their own application for cause, that the sci. fa. was tried before a jury, and a verdict rendered for the plaintiff on the 5th April 1870, and that a new trial was awarded to the defendant, who subsequently, at another term of the said court, obtained another continuance of the same. So that the plaintiffs are not in default, and have not ceased to prosecute the same to judgment, except by the acts of the said defendants themselves. And this they pray may be inquired of by the court and the record."

The defendants demurred to the replication, that " there is no averment in the said replication that any judgment has been obtained within five years from the issuing of the said writ."

The court gave judgment for the defendants on the demurrer.

The plaintiffs took a writ of error and assigned for error the entering of judgment for the defendants.

*A. Thompson*, for plaintiffs in error.—The demurrer admits that the delay in reaching the final judgment was by their own default, and they cannot take advantage of it; it was a fraud; this would be sufficient to stop the running of the Statute of Limitations: Harrisburg Bank *v.* Forster, 8 Watts 12. On a scire facias to continue a lien none but a terre-tenant can plead that the land is discharged from the original lien : Silverthorn *v.* Townsend, 1 Wright 263.

*R. C. McMurtrie*, for defendants in error.—By Act of June 16th 1836, sect. 24, Pamph. L. 699, 2 Br. Purd. 1036, pl. 57, a mechanics' lien shall expire after five years from the time of filing unless revived by scire facias as in case of judgments.

When no judgment is obtained on a scire facias on a judgment until more than five years after the writ issues, the lien of the original judgment is gone: Fulton's Estate, 1 P. F. Smith 204. The suing out a scire facias will continue the lien of a judgment for five years if duly prosecuted, but if a judgment be not obtained until more than five years after issuing the scire facias, the lien of the original judgment is gone : Hershey *v.* Shenk, 8 P. F. Smith 382.

[Hunter v. Lanning.]

Judgment was entered in the Supreme Court January 19th 1874.

PER CURIAM.—The scire facias upon the mechanics' claim in this case issued on the 16th of March 1866, but judgment was not obtained until the 4th of December 1871, more than five years intervening. The lien of the claims is therefore gone. The 24th section of the Act of 16th June 1836, 2 Bright. Dig. 1036, pl. 57, limits the lien to five years unless it is revived by scire facias in the manner provided by law in the case of judgments, in which case the lien shall continue in like manner for another period of five years. When no judgment is obtained on a scire facias to revive a judgment within five years after the issuing of the writ, the lien is gone : Fulton's Estate, 1 P. F. Smith 204. So it is upon a mechanics' claim : Hershey v. Shenk, 8 P. F. Smith 382. The sci. fa. must be duly prosecuted : Ward et al. v. Patterson, 10 Wright 372.

The lien and debt are different things, the debt may survive in some cases where the lien is gone, as in the case of a judgment *in personam*. Hence an estoppel to prevent the denial of the debt will not keep the lien alive. The proceeding here is against the building, and being *in rem* the lien must appear by the record and not by outside acts of estoppel. The owner of the property is not to be prejudiced by the continuation of the debt as to the contractor.

Judgment affirmed.