## Lichty, Administrator, *versus* Hochstetler.

1. Where a scire facias issued to revive a judgment within five years from the entry of the judgment, the lien thereof continues for five years from the issue of the scire facias, although no service was had on either the defendant or terre-tenant.

2. An alias scire facias may be served on the terre-tenant and the judgment revived against him at any time within five years from the date of the issue of the first scire facias.

October 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Somerset county :* Of October and November Term 1879, No. 201.

This was a proceeding by Samuel Lichty, administrator of Daniel Beachy, deceased, to revive a judgment of said Beachy against Jonathan J. Weller, without notice to Adam Hochstetler, terre-tenant.

On February 27th 1872, a judgment was entered in the Common Pleas against Weller, at the suit of W. B. Humbert, to the use of Daniel Beachy. The latter died, and letters of administration were granted to Lichty. On February 2d 1877, the death of Beachy was suggested, and Lichty was substituted as plaintiff, and on the same day a scire facias issued to revive the judgment, with notice to all the terre-tenants, and on the 13th of February was served on Weller, the defendant, alone. On the 6th of April 1878, an alias scire facias issued, which was served on Hochstetler and other terre-tenants. There were no facts in dispute. The court below, Hall, P. J., directed a verdict for plaintiff, reserving the question of law : " Whether the scire facias, issued 2d February 1877, with the alias scire facias issued 6th April 1878, are sufficient to continue the lien against the land in the possession of the terre-tenants, to be determined on a motion to enter judgment *non obstante veredicto* in favor of the defendants terre-tenants."

Subsequently upon a motion by Hochstetler for judgment for defendants *non obstante veredicto*, the court, inter alia, said :

" The object of the act is to give record notice to purchasers by compelling a judgment-creditor to obtain a judicial notice of his lien once in every successive period of five years. The writ of scire facias must be issued within five years, and it must be prosecuted with reasonable diligence to judgment. In every case the judgment must be obtained within the five years, or another scire facias would seem to be necessary to give the record notice required by the Act of 1827.

" In the case at bar, fourteen months having elapsed, and five terms having been suffered to intervene after the return of the scire facias before the issuing of an alias to bring in the terre-tenants by

[Lichty *v.* Hochstetler.]

service, we think the case is ruled by the authority of Westmoreland Bank *v.* Rainey, 1 Watts 26, that there was want of due diligence, and that the lien is lost as to the land in the hands of the terre-tenants, and accordingly we direct judgment to be entered in favor of the terre-tenants, *non obstante veredicto.*"

The plaintiff took this writ and assigned this action for error.

*Wm. H. Koontz,* for plaintiff in error.—The statutes regulating the revival of judgments, and the Acts of April 4th 1798 and March 26th 1827, continue it for five years, only from day of entry or revival. By judicial construction of the Act of 1798, a scire facias was not required to be issued where an execution was issued within a year and a day, and the lands levied upon, as that was held to preserve the lien : Young *v.* Taylor, 2 Binn. 218 ; Commonwealth *v.* McKisson, 13 S. & R. 144. The Act of 1827, provides, that it shall only be for five years from the rendering of such judgment, notwithstanding an execution was issued. There is another change which was made by the Act of 1827, as to the period in which the plaintiff is bound to prosecute his scire facias to judgment. Under the Act of 1798 the question was raised in several cases as to what constituted due diligence in prosecuting the scire facias, but the Act of 1827, and the decisions thereon, we contend, fix the diligence required by the plaintiff in getting a judgment upon the scire facias within five years from the issuing thereof.

The cases relied upon by the court below are, Westmoreland Bank *v.* Rainey, 1 Watts 26, and Vitry *v.* Dauci, 3 Rawle 9. A careful examination of these cases will show that they have no resemblance whatever to the case now before the court. The question as to what constitutes due diligence is fixed by the ruling in Meason's Estate, 4 Watts 344, and is also recognised in Silverthorn *v.* Townsend, 1 Wright 266, that "where a scire facias is issued to revive the judgment, the lien is continued for five years and no longer. The law does not recognise the possibility, when due diligence has been used, that the plaintiff can fail to obtain a judgment of revival within the period of five years ; and what is due diligence is indicated by the act, viz:: having a judgment of revival within that time."

*Baer & Baer,* for defendants in error.—We admit that a scire facias, issued on the last day will suffice, if followed by a return of *tarde venit,* and the issuing of an alias scire facias in reasonable time, serving it as required by statute, and then prosecuting it to judgment within five years. But the sheriff, if he had the writ in time, so as to preclude a return of *tarde venit,* had but one of two ways to return it. Either the writ, as returned, must show it to have been served upon the person or persons named in the act; or, that the land was not in the immediate occupation of any person,

and that the defendant or defendants, his or their feoffees, or their executors or administrators could not be found: Westmoreland Bank *v.* Rainey, 1 Watts 33. If the land is occupied by any one the writ must be served.

The terre-tenant is the principal party, and service and return as required by the act are indispensable. The provisions of the act as to service on the terre-tenant are peremptory, while as to service on the defendant they are merely directory: Lusk *v.* Davidson, 3 P. & W. 229.

Something more is required than the mere issuing of a scire facias within five years. It must be followed up by a return *tarde venit*, if issued too late, or, if in time, by a return as required by the Act of Assembly to same term. ˙ If so much is done, and all the virtue of the scire facias has not been expended, an alias may issue, not at any time within five years, but in a reasonable time, and then prosecuted to judgment within five years : Westmoreland Bank *v.* Rainey, *supra*; Vitry *v.* Dauci, *supra*; Davidson *v.* Thornton, 7 Barr 129; Meason's Estate, 4 Watts 344; Silverthorn *v.* Townsend, 1 Wright 266.

Mr. Justice GORDON delivered the opinion of the court, November 24th 1879.

Judgment was entered in the Common Pleas of Somerset county against Jonathan J. Weller, at the suit of William B. Humbert, for the use of Daniel Beachy, on the 27th day of February 1872. On the 2d day of February 1877, a scire facias to revive this judgment, with notice to all terre-tenants, was issued and served on the 13th of the same month, on the defendant in the judgment alone. Afterwards, to April Term 1878, an alias was issued, which was served on Adam Hochstetler et al., as terre-tenant.

On this condition of the record, the question was, whether, as to the terre-tenants, the alias writ was in time. The court below held, in answer to this question, that the scire facias must not only issue within the five years prescribed by the act, but that it must be prosecuted with reasonable diligence, and that the suffering of fourteen months to elapse from the service of the writ on the defendant to the issuing of the alias against the terre-tenants, was not an exhibition of due diligence, and therefore entered judgment, *non obstante veredicto*, for those tenants. This ruling seems to have been founded on the case of the Westmoreland Bank *v.* Rainey, 1 Watts 26. This case arose under the Act of 1798, and although the scire facias and alias were issued after the passage of the Act of 1827, the argument is based wholly on the provisions of the previous act. On the first writ there was a return of *nihil habet*, and the alias was issued five terms after this return; this was held to be too late; that the delay was unreasonable; that the Act of 1798 not only directs the time within which the scire facias

[Lichty *v.* Hochstetler.]

shall be issued, but how it shall afterwards be served and upon whom; and in case the land be unoccupied, and the person or persons on whom it is ordered to be served are not to be found, then proclamation shall be made in open court at two succeeding terms; and in case of either a service of the writ or proclamation, the judgment of revival, unless sufficient cause be shown to prevent the same, must be entered "at or before the same term subsequent to the issuing of the writ." It was held, that this was an express limitation of time, within which the judgment of revival must be entered, unless sufficient cause be shown to prevent it. It was on this ground that the alias was held to be too late; that the delay was unreasonable. However applicable this reasoning may have been to the provisions of the Act of 1798, it certainly does not apply to those of 1827; for, as was shown by Mr. Justice ROGERS, In Re Meason's Estate, 4 Watts 341, and as will also appear by the act itself, the issuing of the scire facias alone, without the entry of judgment, will continue the lien for five years from the date of such issue. And upon the question of what is due diligence, he says: "The law does not recognise the possibility, when due diligence has been used, that the plaintiff can fail to obtain a judgment of revival within the period of five years; and what is due diligence is indicated by the act, viz., having a judgment of revival within that time." But in Silverthorne *v.* Townsend, 1 Wright 263, Mr. Justice STRONG says that this was so under both the acts above mentioned; hence, where a judgment had been entered on the 23d of January 1851, scire facias to revive sued out August 1855, returned *nihil* as to the defendant, and "served" on the terre-tenant, it was held, that had there been no other scire facias, the lien of the judgment would have been continued five years from the day on which the first writ was issued. When speaking of the alias which was issued to bring in the defendant on the 7th of April 1858, the learned justice says: "If, then, the alias scire facias, instead of being an abandonment of the first writ, was a prosecution of it, the land was not discharged from the lien of the judgment."

It may be urged, however, that this case is not in point in that the terre-tenant who was the one who made defence was served with the writ within the statutory time; but we may observe, from the general principles upon which the opinion is based, that the substitution of the defendant in the original judgment for the terre-tenant could make no difference, for the ruling was that the issuing of the scire facias within the five years continued the lien, not only as to the tenant who had been served, but also as to the defendant who had not been served. It is, therefore, clear that the substitution of the one for the other could have made no change in the result, since each had the same right to notice. But the case of Davidson *v.* Thornton, 7 Barr 128, is directly in point, for there

[Lichty *v.* Hochstetler.]

the first writ was issued without naming a terre-tenant and returned *tarde venit;* another scire facias was issued after the five years had expired, and without reference to the first. To this objection was made, that as the terre-tenant was not named in the first writ, and as it was returned without service on him, the subsequent process would not connect him with it, or be carried back by an alias to the day of its inception. To this it is answered by GIBSON, C. J.: "We must remember, however, that we have to deal with a Statute of Limitations, and that if the originating process issued a single day within the time, it saves the bar, whether the party to be affected have notice of it or not." He also says further on: "It is the better practice not to name the terre-tenant in the writ, but to direct the sheriff to name him in the return; and the plaintiff having thus proceeded is in no default; consequently, if the officer was remiss in his duty, he alone is responsible for it. But to whom? Not to the terre-tenant, who is in no worse condition than if he had been served."

Further than this it is not necessary for us to proceed, for from the decisions above recited, we have seen that the Acts of 1798 and 1827 are statutes of limitations; that if the process issues a single day within the time it saves the bar; that with this process, though not named in it, the terre-tenant may be connected by an alias, and that the time, the reasonable time, within which this may be done, is the statutory period of five years. Nor is there in this any hardship imposed upon the terre-tenant, for buying, as he does, subject to the judgment, by resorting to the dockets, he can always ascertain its exact condition.

> Having thus arrived at a conclusion different from that of the court below, we direct that the judgment be reversed, and that a judgment be entered on the verdict for the plaintiff.