Howes & Bros., Appellants, *v.* Mary A. Dolan, Owner, and
  Thomas Harkin and Frederick Harkin, Builders and
  Contractors.

*Mechanic's lien—Five year limitation—Effect of verdict—Practice, C. P.*
  Where in a scire facias upon a mechanic's lien a verdict has been obtained
  within five years from the issuing of the writ, but in consequence of the
  pendency of a rule for a new trial or of a motion in arrest of judgment,
  plaintiff is prevented from entering judgment until after the expiration of
  that period, he is nevertheless entitled to judgment upon the discharge of
  the rule or motion.

Argued Oct. 13, 1898. Appeal, No. 125, Oct. T., 1898, by
plaintiffs, from order of C. P. No. 2, Phila. Co., Sept. T., 1892,
No. 637, striking off mechanic's lien and judgment. Before
Rice, P. J., Reeder, Orlady, Smith, W. W. Porter and
W. D. Porter, JJ. Reversed.

Rule to strike off mechanic's lien and judgment entered
thereon.

It appears from the record that on October 11, 1892, plain-
tiffs filed a mechanic's lien upon which a scire facias issued
December 9, 1892. On October 27, 1897, the verdict was en-
tered after due trial in the sum of $405.74. October 25, 1897, a
motion and rule for a new trial were filed by defendants. The
court below held this motion under advisement for two months,
to wit: until December 22, 1897, when they discharged the same.
On December 27, 1897, plaintiffs paid the jury fee and entered
judgment upon the verdict. On December 31, 1897, a rule
was granted on plaintiff to show cause why the lien filed, to-
gether with the judgment entered thereon should not be stricken
from the records. On June 13, 1898, the court below made
this rule absolute without filing any opinion. Plaintiffs ap-
pealed.

*Error assigned* was making absolute the rule to strike from
the records the lien filed by plaintiffs together with the judg-
ment entered thereon.

*Peter Boyd*, for appellants.—Under the Act of March 23, 1877, P. L. 34, providing that verdicts should be liens, and the verdict in this case having been obtained within five years from the date of its entry, the lien was safe. The plaintiff could not have issued an alias sci. fa. or a sci. fa. to revive; he was bound to prosecute the original sci. fa. He could not have entered judgment on the date of the verdict because the act of 1877 does not authorize such entry out of the regular course: Seminary v. Bethlehem, 153 Pa. 583. The plaintiffs therefore were powerless unless protected by Sweeny v. McGittigan, 20 Pa. 319, and the act of March 23, 1877. It is submitted that they are protected by the decision of the Supreme Court and by the act of assembly and that their course is sustained by the universal practice in all the courts of this commonwealth. The action of the court below ought, therefore, to be reversed and the judgment originally entered in plaintiffs' favor to be reinstated.

*W. A. Carr*, with him *W. Horace Hepburn*, for appellees.— The act of June 16, 1836, has often been judicially interpreted to mean that unless a judgment is recovered within five years from the date of issuing the scire facias, the lien expires: Meason's Est., 4 Watts, 341; Hunter v. Lanning, 76 Pa. 25; Phila. v. Scott, 93 Pa. 25.

In the case of Sweeny v. McGittigan, 20 Pa. 312, cited by appellants, the question before the court in the present case was not raised at all.

A verdict is no more a judgment than is the rule to plead, or any other step taken in a proceeding to obtain a judgment. It is merely a step in the direction of a judgment, and nothing more. Obtaining a verdict is not obtaining a judgment, and is not, therefore, a compliance with the statute if the judgment is not obtained within the required five years.

OPINION BY RICE, P. J., March 23, 1899:

The plaintiff obtained a verdict in a scire facias upon a mechanic's lien within five years from the date of the issuing of the sci. fa., but after five years from the date of the filing of the lien, but owing to the pendency of a rule for a new trial granted upon the defendants' application, judgment was not entered on

the verdict until after the expiration of five years from the date of the issuing of the sci. fa. The question is whether the lien had expired at the time judgment was entered.

Section 24 of the Act of June 16, 1836, P. L. 695, provides that the lien of every such debt "shall expire at the end of five years from the day on which such claim shall have been filed, unless the same shall have been revived by scire facias in the manner provided by law in the case of judgments," etc.

By the Act of March 26, 1827, P. L. 129, which regulated the duration, and the revival, of the liens of judgments—and which, so far as it relates to the question before us, was re-enacted in the amendment of June 1, 1887, P. L. 289—the suing out of a writ of scire facias is effectual to continue the lien of a judgment for a period of five years from the date of issuing the writ, but the lien is gone at the end of that period unless the writ be duly prosecuted, and by "due prosecution" is meant the obtaining of a judgment within five years : ·Meason's Estate, 4 W. 341 ; Silverthorn v. Townsend, 37 Pa. 263 ; Fulton's Estate, 51 Pa. 204. See also Lichty v. Hochstetler, 91 Pa. 444, and Philadelphia v. Scott, 93 Pa. 25.

The application of this principle to mechanics' liens was plain. Where no judgment was obtained on a scire facias to revive a judgment within five years after the issuing of the writ, the lien was gone. So it was upon a mechanic's lien. Hence it was held in Ward v. Patterson, 46 Pa. 372, that, when a lien was filed in 1851, the scire facias tried and defeated in 1852, new trial granted on conditions which were not complied with until 1863, and the case then tried, the lien was gone and the plaintiff could not recover.

In Hershey v. Shenk, 58 Pa. 382, the lien was filed November 13, 1856, the scire facias was sued out on November 11, 1861, and was tried on June 4, 1867. Between the last two dates the owner died. It was held by the Supreme Court, reversing the court below, that this fact did not prevent the operation of the rule that the scire facias must be prosecuted to judgment within five years from the date of the issuing of the writ. A mechanic's claim is not a judgment, and, therefore, the 25th section of the Act of February 24, 1834, P. L. 70, does not extend the lien for a period of five years from the death of the owner.

The strictness of the rule is well illustrated by the case of
Hunter v. Lanning, 76 Pa. 25.    There the proceedings were as
follows : November 14, 1865, lien filed ; March 16, 1866, scire
facias issued ; April 6, 1870, verdict for plaintiff, and new trial
granted ; October 2, 1871, plea that five years had elapsed since
the filing of the lien and the issuing of the scire facias ; repli-
cation that continuances were obtained by the defendants both
before and after the granting of the new trial, and that the de-
lay in the prosecution of the claim was occasioned by their acts
and not by the default of the plaintiff.    On demurrer to the rep-
lication that judgment had not been obtained within five years
from the issuing of the writ it was held that the lien was gone,
and judgment was entered for the defendants.    This was af-
firmed, the Supreme Court saying, as to the excuses set up for
the delay : " The proceeding here is against the building, and
being in rem the lien must appear by the record and not by out-
side acts of estoppel."

The plaintiff's counsel place much reliance on the case of
Sweeny v. McGittigan, 20 Pa. 312.    There the plaintiff obtained
a verdict within five years from the date of the issuing of the
writ, whereupon the defendants' counsel made a motion in ar-
rest of judgment upon the ground that more than five years
had elapsed between the filing of the claim and the verdict.
This position was sustained by the common pleas, and the
judgment arrested.    True, the final order appears from the
report of the case not to have been made until more than five
years from the issuing of the writ, but the question, and the
only question, considered in the opinion of the court below,
and in the opinion of the Supreme Court was, whether the pe-
riod of five years was to be computed from the date of the fil-
ing of the lien, or of the issuing of the writ.    The Supreme
Court held that the computation was to be made from the lat-
ter date, and therefore reversed the judgment.    Manifestly, the
plaintiff could not be deprived of his right to judgment on the
verdict by an erroneous ruling of the court refusing it.    In
the present case the failure to obtain judgment within the pre-
scribed time was not due to any erroneous action of the court
below, and it is argued with much force that in fixing five
years as the period during which the mere issuing and pen-
dency of a sci. fa. will keep the lien alive, the legislature had

in mind the delays incident to the prosecution of claims to judgment, and made what they deemed a sufficient allowance for them.    It is urged that the explicit provisions of the act of 1827 left no room for construction and fully justified the emphatic declaration of Justice Rogers in Meason's Estate, supra, which has been quoted with approval in many subsequent cases: " When, then, a scire facias is issued to revive the judgment, the lien is continued for five years and no longer.    The law does not recognize the possibility, when due diligence has been used, that the plaintiff can fail to obtain a judgment of revival within the period of five years; and what is diligence is indicated by the act, viz : having a judgment of revival within that time." See also the remarks in Fricker's Appeal, 1 W. 393, Ebright v. The Bank, 1 W. 397, and Armstrong's Appeal, 5 W. & S. 352.

It is to be observed, however, that in none of these cases was the precise question before us discussed.    In none of them, excepting Sweeny v. McGittigan, had the plaintiff obtained a verdict within the five years.    But granting that such a case would be governed by the strict rule enunciated in Meason's Estate, even if judgment were prevented by the pendency of a motion in arrest of judgment or a rule for a new trial, does not this furnish a very strong argument in favor of the proposition that the case is within the mischief intended to be remedied by the Act of March 23, 1877, P. L. 34 ?    When Justice Rogers said that the law does not recognize the possibility of a failure to obtain judgment within five years if due diligence is used, he had reference to limitations fixed by the existing statute law. What we have to determine is whether such a possibility has been recognized in later legislation and the inconveniences and hardships that might result from a strict and literal enforcement of the former rule have been provided against.

We come then to a consideration of the act of 1877, and in the discussion of it we shall assume, without deciding it, that the former rule was as rigid as the defendant's counsel contend it was.    The act provides as follows :

" That whenever a verdict is rendered by a jury . . . . for any specific sum of money, in such case the verdict shall be a lien upon the real estate situate within the proper county of the party or parties against whom said verdict shall be rendered,

which lien shall remain unless the court grant a new trial, or arrest the judgment," etc.    It is argued that if this act is applied to mechanics' liens, we must hold that a verdict for the plaintiff in such a case is a lien upon all the lands of the defendant and of the contractor in the county, a conclusion so in conflict with the entire law upon the subject as to make it absurd to suppose that the legislature intended the act to apply to cases where the judgment would have a restricted lien.    It seems to us, however, that this argument is based on a too literal reading of the clause declaratory of the extent of the lien.    If in a personal action upon an instrument containing an agreement restricting the lien, and collection of any judgment obtained upon it to certain land, a verdict should be rendered for the plaintiff for a specific sum of money, must the act of 1877 be so construed as either to make such verdict a lien on all the lands of the defendant, in spite of the agreement, or to deprive it of a lien altogether? Clearly not.    The former construction would give the act an effect that was manifestly never intended, and the latter would exclude cases plainly within the mischief to be remedied.    If, however, we construe the words " the real estate . . . . of the party " to mean the real estate that would be bound by the lien of a judgment upon the verdict, there is no greater difficulty so far as this point is concerned, in applying the act to the present case than there would be in the supposed case.    It is often presumed that the legislature intended exceptions to its language which would avoid absurd results.    The illustrations referred to in the opinion of our Brother ORLADY, in Lumberman's Exchange v. Lutz, 2 Pa. Superior Ct. 91, are in point.

This is a remedial law, and, as we have had occasion to remark in another case, Clay v. McCreanor, 9 Pa. Superior Ct. 433, the well-settled principle is applicable, that where the object of an act is to cure a defect in the old law it is but reasonable to suppose that the legislature intended to do so as effectually, broadly and completely as the language used, when understood in any fair and reasonable sense, would indicate.    A plaintiff in a scire facias upon a mechanic's lien who has obtained a verdict for " a specific sum of money " is within the strict letter of the law.    Why should it be held that he is not within its spirit and intent?    True, he already has a lien or he could not obtain a verdict; but if the verdict be rendered within four days prior to

the expiration of five years from the issuing of the sci. fa. then according to the defendant's contention, his lien would be gone before judgment could by any possibility be entered.   See Seminary v. Bethlehem, 153 Pa. 583.   The same would be true if the disposition of a motion in arrest of judgment or of a rule for a new trial should be delayed until after the five years had expired. The strictness of the old law, as declared in Meason's Estate, and the other cases above cited, was such, if the position of defendant's counsel be correct, that although the plaintiff may have diligently prosecuted the claim, and established by the verdict of a jury his right to have execution, he might be deprived of that right by delays between verdict and judgment for which he was in nowise responsible.   If in consequence of these delays he would, under the old law, have no lien when the motion or rule was disposed of, and therefore no right to judgment, his case would seem to be within the mischief to be remedied by the act of 1877, as indicated by the preamble.   Such delays are unavoidable, but in order that the party who has established his right to recover a specific sum of money should not suffer in consequence of them, the verdict is made a lien.   If the act of 1877 does not apply to a case like the present, it is because a plaintiff so situated does not need its protection in order to secure to him the fruits of the verdict in his favor.

We all agree upon this proposition, that where a plaintiff in a scire facias upon a mechanic's lien has obtained a verdict within five years from the issuing of the writ, but in consequence of the pendency of a rule for a new trial or of a motion in arrest of judgment, is prevented from entering judgment until after the expiration of that period, he is nevertheless entitled to judgment upon the discharge of the rule or motion.   This is as far as it is necessary to go in the present case, and is all we decide.

The order striking off the mechanic's lien and the judgment entered thereon is reversed and set aside, at the costs of the appellees, and the judgment and mechanic's lien are reinstated.