Rosenheck *v.* Stape, Appellant.

Argued October 12, 1937.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward Unterberger,* for appellant.

*Maurice G. Weinberg,* with him *Bertram U. Weinberg,* for appellee.

OPINION BY CUNNINGHAM, J., March 4, 1938:

This appeal questions the validity of that part of Section 10 of the Mechanics' Liens Act of June 4, 1901, P. L. 431, (49 PS §52) which grants to the claimant

a period of five years from the date a verdict is recovered in his favor on the scire facias within which to obtain and enter a final judgment thereon. It is asserted by the present owner-appellant that this provision is violative of Article III, section 7 of our constitution which prohibits the legislature from enacting "any local or special law authorizing the creation, extension or impairing of liens ...... or providing or changing methods for the collection of debts, or the enforcement of judgments ......"

By section 10 of the act of 1901, supra, the periods within which liens for alterations and repairs and for structures must be filed are fixed at three and six months, respectively, after the claimant's contract or agreement has been completed. The section then specifies the following procedure in order to preserve liens so filed: (a) A writ of scire facias "must issue within two years unless the owner, by writing filed before the expiration of that time, waive the necessity for so doing for a further period, not exceeding three years"; (b) "A verdict must be *recovered or judgment* entered on the scire facias within five years after it is issued"; (c) "Final judgment must be entered on the verdict within five years after its recovery"; and (d) "After judgment is entered, it must be revived, by writ of scire facias to revive the judgment or by judgment thereon, within each recurring period of five years." (Italics supplied)

If a claim be not filed within the specified periods, "or if it be not prosecuted in the manner and at the time" prescribed, "it shall be wholly lost." The reason for the alternative requirement that a verdict be recovered or a judgment entered within five years after the scire facias has issued becomes clear when it is recalled that the writ calls upon the opposite party to show cause, if deemed expedient, why the amount claimed should not be levied of the property and to do so by an affidavit

of defense; "otherwise judgment may be entered" for the whole amount of the claim and the property sold. Within a short time after the writ is served the claimant knows whether he must go to trial or may enter a default judgment.

The only question meriting consideration upon this appeal is whether the court below erred in discharging the owner's rule to strike off the judgment in favor of the claimant because the record shows it was entered more than five years after the scire facias was issued. In so far as the rule also related to opening the judgment, etc., it was properly discharged.

The lien was for alterations and repairs and the claim thereon was filed January 12, 1931; admittedly, the claim was filed and the scire facias issued in time.

June 8, 1931, was the date upon which the claimant issued his scire facias; an affidavit of defense was filed by the owner; the case was tried on March 16, 1933, and claimant recovered a verdict for $340 on that date, which was less than two years after the scire facias issued; the owner's rule to have the verdict set aside upon various grounds was properly discharged; and judgment was entered on the verdict on January 27, 1937,—a date more than five years after the scire facias issued but within five years after the recovery of the verdict. The rule to strike off the judgment was granted February 26th and discharged March 24, 1937, without an opinion. The present appeal by the owner followed.

This recital from the record demonstrates that the claimant's procedure was well within the provisions of section 10 of the act of 1901, supra. It is now contended in behalf of the appellant that prior to the adoption of the Constitution of 1874 the law was that a mechanic's lien expired at the end of five years from the date of filing unless a scire facias to revive it was issued within that period, and, if issued, the writ must be

prosecuted to a final judgment within five years from its date.

It is then asserted that section 10 of the act of 1901 "extends" the time within which the first judgment, in proceedings to preserve a lien, must be obtained after the filing of the claim from ten years to twelve, and particularly extends the period within which a final judgment must be obtained after the issuing of the scire facias from five years to ten. We assume for present purposes that as the point involved in this case relates to the period of time during which the lien of a mechanic's claim binds the real estate in question, we are here dealing with a matter of substantive law and not merely one of procedure.

There is no occasion in disposing of this appeal to review the numerous cases in which various provisions of the act of 1901 have been attacked as unconstitutional. *Page v. Carr*, 232 Pa. 371, 81 A. 430, involving section 13 of the act which attempted to define the relative priority of mechanics' liens as compared with other liens against real estate, reviews and summarizes the prior cases and enunciates the principle that, as the act is legislation for a special class of creditors, "any provision [thereof] which is clearly divergent from, and is an advance upon the law as it stood prior to the Constitution of 1874, is to be regarded as invalid." The inquiry, therefore, is whether the claimant has been given by section 10, "higher rights and greater privileges" than he had prior to 1874. The proposition that the act of 1901, as a whole, is legislation for a special class of creditors was elaborated in *Taylor Lumber Co. v. Carnegie Institute*, 225 Pa. 486, 74 A. 357.

On the other hand, it was held by this court in *Heist v. Montayne*, 53 Pa. Superior Ct. 611, that the provisions of section 51, requiring a sub-contractor to give notice of his intention to file a claim, etc., are valid

because they cut down a claimant's rights and gave him no privileges other than those he had prior to 1874.

Manifestly, the underlying question with which we are now concerned is whether the law as it stood prior to 1874 was that the lien of a mechanic's claim would expire in all cases unless a final judgment was obtained in any scire facias proceedings instituted thereon within the five years following the date upon which the writ was issued. Appellant's entire case rests upon the soundness of her contention that such was the law prior to the adoption of our present constitution. We are not convinced that this fundamental premise is sound.

The law prior to 1874 consisted of Section 24 of the Act of June 16, 1836, P. L. 695, and three decisions of our Supreme Court applying that section. There was no specific legislative requirement that a final judgment be obtained upon the scire facias within five years after its date. Section 24 of the act of 1836 read: "The lien of every such debt, for which a claim shall have been filed as aforesaid, shall expire at the end of five years from the day on which such claim shall have been filed, unless the same shall be revived by scire facias, in the manner provided by law in the case of judgments, in which case, such lien shall continue in like manner, for another period of five years, and so from one such period to another, unless such lien be satisfied, or the same be extinguished, by a sheriff's sale, or otherwise, according to law."

The three decisions upon factual situations which brought the provisions of the section before the Supreme Court are *Ward v. Patterson,* 46 Pa. 372, *Hershey et al. v. Shenk et al.,* 58 Pa. 382, and *Hunter et al. v. Lanning et al.,* 76 Pa. 25. General language will be found in each of these cases which apparently supports appellant's position, but that language must be read in connection with the facts in each case, and the scope of each judgment should be limited to the state of facts upon which

it was pronounced. For instance, in *Hershey v. Shenk,* supra, reference is made in discussing section 24 of the act of 1836 to the general rule applicable to the revival of ordinary judgments that the "mere suing out of a writ of scire facias is effectual to continue the lien of a judgment 'for a period of five years, provided it be duly prosecuted," and it was added that "the plaintiff has five years allowed to him in which to obtain his judgment of revival."

When the facts in each of these cases are analyzed it will be found that what was really decided by them is that while the issuing of a scire facias upon a mechanic's lien within the five years after the date of filing "is sufficient to keep the lien alive, yet such scire facias must be 'duly prosecuted' "—*Ward v. Patterson,* supra.

Each of the three cases is an example of what does not amount to *due prosecution,* but none of them expressly holds that where a verdict (which the trial court has refused to set aside) has been rendered in favor of the claimant within five years after the date of the scire facias and a judgment entered on that verdict within five years after its rendition, such procedure is not due prosecution of the scire facias.

In *Ward v. Patterson* (decided in 1863), the claim was filed in January, 1851, and a scire facias issued the next day; the first trial resulted in a verdict for the defendants on January 26, 1852; on July 7, 1852, the trial court set aside the verdict and granted a new trial upon condition that the plaintiff pay the costs, etc., and file a specification of the balance alleged to be due from the defendants; the costs were not paid 'until June 11, 1860, and the case did not come on again for trial until 1863. The Supreme Court held that this delay was unreasonable and that the inaction of the plaintiff imported an intention to abandon his new trial. After referring to the requirement of the act of 1834, relative to liens of decedent's debts, that a scire facias

must be duly prosecuted, it was held that the plaintiff's lien as well as his right to a new trial had expired. In support of the conclusion it was said: "It would be an intolerable practice to let a lien lie so long, apparently dead and abandoned, and then after witnesses, books, and papers were scattered, to start it into new life, and enforce it against parties who could not be expected to retain the means of defense."

In *Hershey v. Shenk,* supra, (1868) the claim was filed November 13, 1856, against a contractor and the owner. On November 11, 1861, just short of five years later, a scire facias to revive and continue the lien was issued. Within five years from the issuing of the original scire facias, the owner died. The case was not tried on the scire facias until June 4, 1867, or more than five years after it issued. Under these facts, the Supreme Court held that, having regard to section 24 of the act of 1836, the lien was lost. In this case there was not even a verdict within five years.

In the third case, *Hunter v. Lanning,* supra, (1874) the lien was filed November 14, 1865, and a scire facias issued March 16, 1866. Plaintiff obtained a verdict April 6, 1870, and a *new trial was granted* June 28, 1870. Defendants filed a special plea October 2, 1871, averring plaintiff had lost his lien since five years had elapsed after the filing of the claim and the issuing of the writ; this plea was sustained, upon the authority of the Hershey and Ward cases.

It may be conceded that the correctness of our conclusion that all the Supreme Court actually decided prior to 1874 was that the scire facias must be duly prosecuted, is debatable. If it has decided anything beyond that we would prefer to have its decisions construed by that tribunal. One thing is certain; it was not decided that a scire facias had not been duly prosecuted where the claimant recovered a valid verdict within five years from the time it was issued and

obtained a final judgment on that verdict within the next five years. If we are correct in our view of the prior decisions, the most that can be said of section 10 of the act of 1901 is that it is a legislative declaration of what will constitute due prosecution of the writ.

Moreover, the provision requiring that, in the absence of the specified waiver, the scire facias must be issued within two years after the claim is filed is a limitation and restriction, rather than an extension and enlargement, of the rights a claimant enjoyed prior to 1874. For these reasons we think it could reasonably be held that section 10 of the act of 1901 is neither clearly "divergent from, [nor] an advance upon, the law as it stood prior to the Constitution of 1874." At least we are not convinced that the provision of the act of 1901 now attacked violates the constitution so clearly, palpably, and plainly, that it is our duty to declare it void after the lapse of more than thirty-six years: *Tranter v. Allegheny County Authority et al.*, 316 Pa. 65, 75, 173 A. 289, and cases there cited; *Sugar Notch Borough*, 192 Pa. 349, 358, 43 A. 985; *Rose v. Beaver County*, 204 Pa. 372, 378, 54 A. 263.

But there is another factor in the proposition now before us which we think is conclusive of the controversy. When the legislature enacted the mechanics' liens law in 1901 there was upon our statute books the general act of March 23, 1877, P. L. 34, 12 PS §861, providing: "That whenever a verdict is rendered by a jury . . . . . . for any specific sum of money, in such case the verdict shall be a lien upon the real estate situate within the proper county of the party or parties against whom said verdict shall be rendered, which lien shall remain unless the court grant a new trial, or arrest the judgment," etc.

The provision of the act of 1901, that the recovery of a verdict within five years after the issuing of the

scire facias will prevent the expiration of the lien, was evidently drafted with the act of 1877 in mind.

The case of *Howes & Brothers v. Dolan*, 9 Pa. Superior Ct. 586, (1899) is parallel upon its facts with the case at bar and we think controlling. In that case it appeared from the record that on October 11, 1892, plaintiffs filed a mechanic's lien upon which a scire facias issued December 9, 1892. On October 25, 1897, a verdict was recovered after due trial in the sum of $405.74. October 27, 1897, a motion and rule for a new trial were filed by defendants. The court below held this motion under advisement for two months, to wit; until December 22, 1897, when it discharged the same. On December 27, 1897, plaintiffs paid the jury fee and entered judgment upon the verdict. On December 31, 1897, a rule was granted on plaintiffs to show cause why the lien filed, together with the judgment entered thereon, should not be stricken from the record. On June 13, 1898, the court below made this rule absolute.

There, as here, the verdict was recovered within five years from the issuing of the writ, but judgment was not obtained until after the expiration of that period. In the opinion, reversing the order and reinstating the judgment, written for this court by RICE, P. J., all the prior decisions upon the subject, including the Ward, Hershey and Hunter cases, were reviewed at length. After stating it was contended by counsel for the owner in that case, as it is here, that by "due prosecution" is meant the obtaining of a judgment within five years, Judge RICE held that, even if it be "assumed that the former rule was as rigid as counsel contend it was," the act of 1877 applied to the mechanic's lien case then in hand and was intended to relieve against the hardship and mischief arising when a claimant who has issued his scire facias, and established by a verdict his right to have execution, is prevented by controversies

over the verdict from obtaining judgment within the five years' period.

We are content to rest our decision in this case upon the eminent authority just cited.

It should be noted that we are not here dealing with the revival of a judgment previously obtained as the result of scire facias proceedings upon a mechanic's lien, but with the original scire facias proceedings instituted to prevent the lien from expiring at the termination of two years from the date of filing and to reduce it to judgment. There is a plain distinction between the original lien as created by the statute and that of the judgment obtained through scire facias proceedings: *Hershey et al. v. Shenk et al.*, supra.

Appellant's rule to strike off the judgment was properly discharged.

Order affirmed.