# Sweeny *versus* McGittigan.

20    319
e 36 SC 644

A mechanic's claim was filed in September, 1845, and *scire facias* was issued in December, 1845, and returned " made known" in January, 1846: *held*, that the lien of the claim had not expired by reason of five years having elapsed between the filing of the claim and the verdict.

ERROR to the Common Pleas of *Philadelphia county*.

This was an action of *scire facias*, by Patrick Sweeny v. David McGittigan, owner, and Thomas Ash, contractor, upon a mechanic's claim for work done and materials furnished, in and about the erection of a brick dwelling-house, on the east side of Delaware Seventh, south of Fitzwater street, in the district of Moyamensing.

[*Sweeny v. McGittigan.*]

The claim was entered in the Court of Common Pleas on 8th September, 1845.

The writ of *scire facias* sur claim was issued in December, 1845, and returned "made known" on 1st Monday in January, 1846.

On the part of the plaintiff in error it was alleged, that, at the instance and request of defendant, the active prosecution of the suit was delayed to give him time to pay the claim.

On the 28th of October, 1850, the case was tried, and a verdict rendered for the plaintiff for the whole sum claimed, with interest, whereupon defendant's counsel made a motion for a rule for a new trial, and in arrest of judgment.

In April, 1851, plaintiff's counsel died.

In February, 1852, the case was argued upon the rule for a new trial, and in arrest of judgment. And on March 20, 1852, THOMPSON, President, delivered the opinion of the Court, viz. :

"In the argument before us, the counsel for the defendant abandoned the motion for a new trial, but insisted upon the arrest of judgment, upon the ground that the lien of the claim upon which suit was brought had expired before the verdict of the jury was rendered. More than five years having elapsed between the time of filing the claim and the verdict, we are of the opinion that the lien had expired, and that therefore the plaintiff, at the time of the trial, was not entitled to have execution of the premises mentioned in the *scire facias*. Judgment arrested."

It was assigned for error:

1. The Court below erred in refusing to enter judgment upon the verdict of the jury. 2. In arresting the judgment. 3. In deciding that the lien of the claim expired while the suit upon the *scire facias* was pending.

*McKinly* and *H. M. Phillips*, with whom was *A. Miller*, for plaintiff in error.

*G. W. Biddle*, for defendants.

The opinion of the Court was delivered, March 21, by

LOWRIE, J.—The plaintiff filed a mechanic's lien, 8th September, 1845, issued *sci. fa.* upon it 10th December, 1845, then took no further steps until 31st July, 1850, after which he urged his claim and got a verdict, 28th October, 1850. The Court below arrested the judgment on the ground that the lien had expired by reason of the lapse of five years between the filing of the lien and the verdict upon it. In this there is error.

The Mechanics' Lien Act of 1836, sec. 24, expressly refers to the law relating to the revival of judgments as an analogy for this

proceeding, and under that law the lien is continued, if a *scire facias* be issued within the five years and duly prosecuted afterwards: 7 *Watts* 217; 9 *W. & Ser.* 13. The defendant has no right to complain of the delay in this case, for it occurred after he was summoned to answer, and therefore he could have speeded the cause at his pleasure.

The motion for a new trial appears to have been abandoned below, therefore the plaintiff must have judgment on the verdict.

Judgment reversed, and judgment for the plaintiff.