# Kountz, Appellant, *v.* Consolidated Ice Company.

*Mechanic's lien—Scire facias—Judgment—Statute of limitations— Act of June* 16, 1832, *P. L.* 695—*Delay in securing judgment.*

The time that is necessarily required to prosecute an appeal from a judgment on a verdict erroneously directed against the plaintiff in a scire facias upon a mechanic's lien, is not to be excluded in computing and applying the five years' limitation provided for in the 24th section of the Act of June 16, 1836, P. L. 695.

The right to a mechanic's lien is a pure creature of the statute, and one who claims that right must take it upon the conditions, whether strict or liberal, upon which the legislature saw fit to grant it.

In fixing the period within which the lien must be revived, it is to be presumed that the legislature took into consideration the delays incident to the prosecution of suits at law, and amongst them the delay incident to an appeal for the correction of error by the trial court.

Howes v. Dolan, 9 Pa. Superior Ct., distinguished.

Argued April 28, 1908.    Appeal, No. 194, April T., 1908, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1901, No. 538, arresting judgment of case of The Kountz Brothers Company v. The Consolidated Ice Company, owner or reputed owner, Peter W. Herrington and Andrew Henslein, partners as Herrington & Henslein, and Harry R. Worthington.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Scire facias sur mechanic's lien.    Before YOUNG, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in arresting judgment.

*R. B. Petty,* for appellant.—In no case, however, has it been held that the plaintiff is barred by limitation, when he is prevented from prosecuting his suit by legal necessity or where a disability is imposed by law.    On the contrary, it has been repeatedly held that in such cases, the time of such delay is not to be counted against the party: Semmes v. Ins. Co., 80 U. S. 158; Brown v. Hiatts, 82 U. S. 177; Hill v. Biggariot, 7 Phila. 159; Leasure v. Mahoning Twp., 8 Watts, 551; King v. Baker, 29 Pa. 200; Hutchinson v. Bank, 41 Pa. 42; Ebright v. Bank, 1 Watts, 397; Fulton's Est., 51 Pa. 204; Howes Bros. v. Dolan, 9 Pa. Superior Ct. 586; Bucknor's Est., 36 Leg. Int. 393; Milne's App., 99 Pa. 483; Trecothick v. Austin, 4 Mason C. C. 16; Harrisburg Bank v. Forster, 8 Watts, 12; Sands v. Campbell, 31 N. Y. 345; Hutsompiller v. Stover, 12 Gratton, 579; Stanbrough v. McCall, 4 La. Ann. 322; Little v. Price, 1 Md. Ch. 182; Treasurer v. Martin, 50 Ohio, 197; Union Mut. Life Ins. Co. of Maine v. Dice, 14 Fed. Repr. 523; Converse v. Davis, 90 Tex. 462 (39 S. W. Repr. 277).

*J. S. Ferguson,* for appellee.—The judgment was barred:

Hunter v. Lanning, 76 Pa. 25; Fulton's Est., 51 Pa. 204; Ward v. Patterson, 46 Pa. 372; Hershey v. Shenk, 58 Pa. 382.

OPINION BY RICE, P. J., July 15, 1908:

This is an appeal by the plaintiff from an order arresting judgment upon verdict in its favor in a scire facias upon a mechanic's lien. The question for decision is whether the lien had expired and recovery thereon was barred by reason of the plaintiff's failure to obtain judgment within five years from the date when scire facias was issued. The fairest way to show how the question arises is to recite the proceedings according to the dates as set forth in the record. They are as follows: November 15, 1900, mechanic's lien filed; February 20, 1901, sci. fa. issued; May 8, 1903, verdict for defendant by direction of the trial court; May 9, 1903, motion for new trial; March 21, 1904, motion refused; April 30, 1904, judgment on verdict; May 3, 1904, appeal to Superior Court, returnable at April Term, 1905; April 13, 1905, appeal argued in Superior Court; July 13, 1905, judgment reversed and new venire awarded; July 24, 1905, record returned and filed in common pleas; August 1, 1905, placed on issue list; December 2, 1907, motion made and refused to abate sci. fa. upon the ground that more than five years had elapsed after it was issued; December 2, 1907, jury sworn and verdict in favor of plaintiff for $459.14; December 4, 1907, motion in arrest of judgment; January 23, 1908, judgment arrested.

The lien was filed under the Act of June 16, 1836, P. L. 695, and section 24 of that act, which, it is conceded by appellant's counsel, applies to the case, provided that the lien of every such debt "shall expire at the end of five years from the day on which such claim shall have been filed unless the same shall be revived by scire facias in the manner provided by law in the case of judgments;" that is, judgment must be obtained on the scire facias within five years from the issuing of the writ. In Howes v. Dolan, 9 Pa. Superior Ct. 586, we held that where a plaintiff in a scire facias upon a mechanic's lien has obtained a verdict within five years from the issuing of the writ, but in consequence of the pendency of a rule for a new trial

or of a motion in arrest of judgment is prevented from entering judgment until after the expiration of that period, he is nevertheless entitled to judgment upon the discharge of the rule or motion. This conclusion was reached by holding that the Act of March 23, 1877, P. L. 34, relative to the lien of a verdict, was applicable. But this consideration must be left out of view in the present case. Here the plaintiff obtained neither verdict nor judgment in its favor within five years, and according to the strict letter of the statute the lien expired in February, 1906. But it is claimed that in computing the five years the period of two years and two months. that elapsed between May 8, 1903, when the common pleas directed verdict for the defendant, and July 13, 1905, when the Superior Court reversed the common pleas and awarded a new venire, should not be taken into account. The argument in support of this claim, briefly stated, is that the plaintiff was stayed in the prosecution of his suit by the erroneous action of the trial court in directing verdict for the defendant; that the period of two years and two months was required to obtain correction of that error; that owing to the state of the trial lists it was impossible to bring the case to trial until nearly two years and a half after the judgment was reversed; and that when a plaintiff is prevented from prosecuting his suit by legal necessity or where disability is imposed by law, the time of such delay is not to be counted against him. It is not apparent from the record why so long a time was required to obtain a correction of the error in the first trial; on the contrary, it seems, if the plaintiff had had judgment entered and had taken its appeal immediately after the motion for new trial was refused—March 24, 1904—the case might have been argued in the appellate court nearly a year before it was. Possibly there is a valid explanation for this apparent delay which it was not deemed necessary by either party to call to our attention. Assuming, therefore, that laches on the part of the plaintiff in this particular, or in the failure to bring the case to trial within the eight months of the five years period that remained after the judgment was reversed and new trial awarded, has not been affirmatively shown, the question

arises, whether the time that is necessarily required to prosecute an appeal from a judgment on a verdict erroneously directed against plaintiff in a scire facias upon a mechanic's lien is to be excluded in computing and applying the five years' limitation? In the consideration of that question, if it were an open one, it would be pertinent to notice, first, that the right to a mechanic's lien is a pure creature of the statute, and one who claims that right must take it upon the conditions, whether strict or liberal, upon which the legislature saw fit to grant it; secondly, that in fixing the period within which the lien must be revived, it is to be presumed that the legislature took into consideration the delays incident to the prosecution of suits at law, and amongst them the delay incident to an appeal for the correction of errors by the trial court. See Meason's Estate, 4 Watts, 341. If the legislature had intended to make any of these causes of delay ground for suspending the running of the statute, it is reasonable to suppose that it would have specified the conditions under which the suspension of the running of the statute could be claimed. But we need not go into an elaborate discussion of the question or a review of the cases which the learned counsel for the appellant cites as analogous and as sustaining the principle for which he contends, because we are of opinion that the question has been virtually decided in cases involving the consideration of the very statutes applicable to this case. It was held in Ward v. Patterson, 46 Pa. 372, that, when a lien was filed in 1851, the scire facias tried and defeated in 1852, new trial granted on conditions which were not complied with until 1863 and the case then tried, the lien was gone and the plaintiff could not recover. In Hershey v. Shenk, 58 Pa. 382, the lien was filed November 13, 1856, the scire facias was sued out on November 11, 1861, and was tried on June 4, 1867. Between the last two dates the owner died. It was held by the Supreme Court, reversing the court below, that this fact did not prevent the operation of the rule that a scire facias must be prosecuted to judgment within five years from the date of the issuing of the writ. The strictness of the rule is well shown by the case of Hunter v. Lanning, 76 Pa. 25. There the proceedings were as follows:

November 14, 1865, lien filed, March 16, 1866, scire facias issued; April 16, 1870, verdict for plaintiff and new trial granted; October 2, 1871, plea that five years had elapsed since the filing of the lien and issuing of the scire facias, replication that continuances were obtained by the defendants both before and after the granting of the new trial; and that the delay in the prosecution of the claim was occasioned by their acts and not by default of the plaintiff. On demurrer to the replication that judgment had not been obtained within five years from the issuing of the writ it was held that the lien was gone, and judgment was entered for the defendants. This was affirmed, the Supreme Court saying, as to the excuses set up for the delay: "The proceeding here is against the building, and being in rem the lien must appear by the record and not by outside acts of estoppel." In Sweeny v. McGittigan, 20 Pa. 319, as pointed out in Howes v. Dolan, 9 Pa. Superior Ct. 586, the question considered in the opinion of the court below and in the opinion of the Supreme Court, was whether the period of five years was to be computed from the date of the filing of the lien, or of the issuing of the writ. It cannot be regarded as sustaining appellant's contention in the present case. The distinction between this case and Howes v. Dolan has already been stated. Under the decisions in cases arising under the statutes applicable here we think the court could not have held otherwise than that the lien had expired and the right to recover thereon was barred.

The judgment is affirmed.