## Brann & Stuart Company *v.* Consolidated Sun Ray, Incorporated, Appellant.

Argued January 23, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused May 9, 1969.

*Morris Wolf,* with him *Michael L. Temin,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*William F. Scheid, Jr.,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:

On January 31, 1961 Brann & Stuart, appellee, filed a mechanic's lien against Consolidated Sun Ray, Inc.,

appellant. Appellee claimed a balance allegedly due pursuant to an oral and written contract with appellant for labor and material furnished in the construction of a warehouse.

On June 21, 1961, appellee issued a *sci. fa.* Pre-trial motions occasioned five stays, four of which were granted on application of appellee and one stay was granted on application of appellant. Other delays occurred, such as a prior appeal by appellee to the Supreme Court and failure of appellee to proceed diligently, causing a considerable lapse of time.

On April 21, 1966, appellee recognizing the impact of §10 of the Act of 1901, P. L. 431, 49 P.S. §52, filed a petition for special listing with the administrative judge of Philadelphia County which should have been granted but was denied. The action came to trial on November 16, 1966. Before any testimony was taken, appellant filed a motion for judgment in its favor on the theory that the lien had been lost because appellee had failed to recover a verdict on its claim within five years from the date of issue of the *sci. fa.*, as required by §10 of the Mechanics' Lien Law of 1901.[1] The trial judge nevertheless permitted testimony to be offered on behalf of appellee, after which appellant renewed its motion for judgment which was subsequently denied and judgment was then entered in favor of appellee. It is that final judgment from which the present appeal has been taken.

As recently as *Murray v. Zemon*, 402 Pa. 354, 358 (1960), Mr. Justice EAGEN said: "We must always bear in mind that this is not a common law action, but rather a claim to assert a peculiar type of lien against real estate under the provisions of a statute, strict compliance with which has always been demanded.

---

[1] The Act of August 24, 1963, P. L. 1175, No. 497, Art. VII, §701, 49 P.S. §1701(d) reduces the period to five years from the filing of the claim.

Such liens are purely creatures of statutes; they did not exist at common law. Consequently, they are available only on such terms as the Legislature saw fit to provide: . . ."

What Justice EAGEN said had been said innumerable times before, both by this Court and the Superior Court. Every practitioner has recognized that strict compliance with Mechanics' Lien Law is necessary in order to effect a valid claim. In *Hunter v. Lanning*, 76 Pa. 25 (1874), where more than five years had elapsed since the filing of the lien and issuing of a *sci. fa.*, it was held that since judgment had not been obtained within five years from the issuing of the writ, the lien was gone. *Kountz v. Consolidated Ice Co.*, 36 Pa. Superior Ct. 639 (1908), where more than five years had elapsed as required by the Act of June 16, 1836, P. L. 695, held that judgment must be obtained within five years from the issuance of the writ. See, *Berman v. Herrick*, 424 Pa. 490, 227 A. 2d 840 (1967).

The right to a mechanic's lien is purely a creature of statute and it is only available if the conditions of the legislature are strictly followed. Where the words of the statute are clear, the courts should not be requested to go beyond the requirements of the act to determine who was or who was not dilatory and responsible for the delay. It must be assumed that the legislature took delays, regardless of source, into account when it established the five year limitation. The statute must be followed whether strict or liberal, harsh or equitable.

Judgment reversed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority's use of an absolute rule requiring a lienholder to recover a verdict on its claim within five years from the date of issue of the

*sci. fa.* As the lower court properly pointed out, under the rule adopted by the majority, "the mechanics lien . . . could be nullified in almost every case in Philadelphia County by the simple expedient of ordering it on the trial list for jury trial (unless the Court Administrator chooses to grant a special listing), since the Philadelphia jury trial list as it is now functioning requires more than five years after the motion for trial until a trial can be had." Furthermore, the majority concedes that appellee "filed a petition for special listing . . . which should have been granted but was denied." I cannot believe that the Legislature intended to put lienholders at the complete peril of delays which are either fortuitous or inherent in the judicial system as it presently operates. A more sensible reading of the five year requirement would bar a lienholder only if the reason for his not recovering a verdict within five years was due to his own fault. Since the court below found no such fault, and since I do not believe that such a finding is compelled by the record before us, I would affirm the judgment in favor of appellee.*

Mr. Justice O'BRIEN joins in this dissent.

---

\* In accordance with appellee's agreement at oral argument, I would modify the judgment to be in rem only.