## Metropolitan International v. Union Investment Co.

*John J. McCreesh, III*, for plaintiff.
*Victor A. Young*, for defendant.

HILL, *J.*, January 8, 1981—On or about April 25, 1979 Metropolitan International, Division of Avenir Investigative and Security Services, Inc. (Metropolitan), entered into an agreement with J. Gross & Brother (J. Gross), whereby Metropolitan was to provide uniformed, armed guard security services during the construction of a certain building located at 2031 South Street, Philadelphia, Pennsylvania. The agreement was titled "Confirmation of Security Services." On February 11, 1980 Metropolitan filed a mechanic's lien claim against the Department of Housing and Urban Development (HUD) for $9,777.84 due it as a security contractor in the construction of the above-described building. In its claim Metropolitan averred that HUD was the owner of this building.

Preliminary objections to Metropolitan's mechanic's lien claim were filed by J. Gross on April 11, 1980. Such preliminary objections were dismissed by this court in an order and opinion dated July 1, 1980 on the procedural basis that J. Gross was not the owner of the building and hence did not have standing as the proper party to object to Metropolitan's claim.

On October 27, 1980, subsequent to this order and opinion, Union Investment Co. (Union) voluntarily substituted itself for HUD as the owner of the building and premises in question. In its pleading setting

forth its voluntary substitution as owner, Union stated that it was, in fact, the owner of the subject property and that HUD, the named party in Metropolitan's mechanic's lien claim, had merely approved certain loans made for the construction of the building.

On October 31, 1980 Union filed preliminary objections to Metropolitan's mechanic's lien claim, averring that it failed to conform with the Mechanics' Lien Law of August 24, 1963, P.L. 1175, 49 P.S. § 1101 et seq., in that the security services supplied by Metropolitan to Union and/or its contractor, J. Gross, do not come within the provisions of the act. Metropolitan's answer, filed November 19, 1980, asserts that such services do fall within the scope of the act. Inasmuch as Union, the owner of the building and premises at issue, is the party filing preliminary objections, this court may now properly address the merits of the case at bar.

The clear language of the Mechanics' Lien Law of 1963 precludes any argument that the security protection provided by Metropolitan during construction is within the ambit of the act.

The act, 49 P.S. § 1301, sets forth the parameters of the act:

"Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this Act, shall exceed five hundred dollars ($500.00)."

In the instant case, Metropolitan is claiming $9,777.84 as a security contractor as per its "Confirmation of Security Services" agreement with J. Gross. In this regard, the precise definition of the term "contractor," section 1201(4), must be noted:

"[O]ne who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. The term also includes an architect or engineer who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair."

The scope of the availability of the act is further limited by section 1303(a), which states: "No lien shall be allowed in favor of any person other than a contractor or subcontractor, as defined herein, even though such person furnishes labor or materials to an improvement."

Any interpretation of this language must begin with the recognition of the well-settled principle that the terms of the Mechanics' Lien Law are to be strictly construed: Brann & Stuart Co. v. Consolidated Sun Ray, Inc., 433 Pa. 574, 253 A. 2d 105 (1969); Sampson-Miller Associated Companies, Inc. v. Landmark Realty Co., 224 Pa. Superior Ct. 25, 303 A. 2d 43 (1973). As a result, it is readily apparent that the statutory provisions of this act are intended to cover only those services which are

involved in the actual construction of a building. There is no indication whatsoever that the security protection provided by Metropolitan falls within the ambit of the act's terms. To argue otherwise is to ignore the clear dictates of the language of the Mechanics' Lien Law and to reach a result not expressly intended by the legislature at the time of the enactment of the statute in question.

Although McGrath v. Schreiber, 22 W.N.C. 312 (1888), is an ancient case, it appears to be the only decision which has ever addressed the issue of whether the services of a watchman during construction are within the meaning of the Mechanics' Lien Law. That case, holding that such services were not within the mechanics' lien law effective at that time, was decided under a predecessor to the Act of 1963, viz., the Act of June 17, 1887, P.L. 413. The 1963 act dealing with the mechanics' lien law was enacted subsequent to several changes in the original legislation. It must be noted that at no time did the legislature include the provision of security services within the coverage of any of these acts. Basically, however, the language of the legislation is clear, and it therefore appears that the legislature did not intend to include security services within the coverage of the act.

Accordingly, the preliminary objections of Union are sustained, and Metropolitan's mechanic's lien claim is hereby stricken.

## ORDER

And now, January 8, 1981, upon consideration of the preliminary objections of Union Investment Co. to the mechanic's lien claim of Metropolitan International, Division of Avenir Investigative and Se-

curity Services, Inc., and of the answer thereto, and of all supporting memoranda of law, it is hereby ordered and decreed that said preliminary objections are sustained. The mechanic's lien claim of Metropolitan International, Division of Avenir Investigative and Security Services, Inc. is hereby stricken.