## Kissinger Structural Sales, Inc. v. Strubinger

*Gilbert J. Negrete,* for plaintiff.
*Michael J. Garfield,* for defendants.

LAVELLE, *P.J.*, October 28, 1983—We have before us defendants' preliminary objections to plain-

tiff's mechanics' lien claim. The objections are twofold in nature:

"1. A motion to strike for failure to comply with the Mechanics' Lien Law of 1963, 49 P.S. §1101 et seq., in that plaintiff, inter alia, failed to identify the improvement; and

2. A demurrer alleging that plaintiff's claim fails to set forth facts which will support a Mechanics' Lien."

Our review of plaintiff's mechanics' lien claim convinces us that defendants' demurrer must be sustained. We therefore do not address the issues raised in the motion to strike.

## DISCUSSION

The mechanics' lien claim reveals the following. On or about October 16, 1980, Gerald F. and Karen J. Strubinger (hereafter defendants) contracted with Kissinger Structural Sales, Inc. (hereafter plaintiff) to specifically manufacture structured steel, steel joists and steel deck floors for use in construction of a new building and warehouse to be erected by defendants. In the latter part of October, 1980, plaintiff began fabricating the steel for the job and defendants began framing work for the building. During February of 1981, when the steel fabrication was partially completed, the parties agreed that the erection of the building would be temporarily halted. Building construction never recommenced and the steel fabrications remained in plaintiff's yard awaiting delivery instructions. On December 22, 1982, plaintiff filed a complaint and mechanics' lien against defendants and against "the building and warehouse and the curtilage appurtenant thereto and the lot or piece of ground upon which it is erected."

The clear language of the Mechanics' Lien Law of 1963 precludes any argument that undelivered steel, specially fabricated by plaintiff for defendants, brings plaintiff within the ambit of the act.

49 P.S. § 1301 sets forth the parameters of the act:

*"Every improvement* and the estate or title of the owner in the property *shall be subject to a lien,* to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors *for* labor or *materials furnished in the erection or construction,* or the alteration or repair *of the improvement,* provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed $500." (Emphasis supplied.)

Any interpretation of this language must begin with the recognition of the well-settled principle that the terms of the Mechanics' Lien Law are to be strictly construed. Brann & Stuart Co. v. Con. Sun Ray, Inc., 433 Pa. 574, 253 A.2d 105 (1969); Sampson-Miller Assoc. Cos., Inc. v. Landmark Realty Co., 224 Pa. Super. 25, 303 A.2d 43 (1973). As a result, it is readily apparent that the statutory provisions of this act are intended to cover only those materials which are used in the erection or construction of the building or at the very least delivered to the site where the erection or construciton is taking place.

This legislative intent is clearly evidenced in 49 P.S. § 1302, which creates a presumption that materials delivered to the owner pursuant to the contract or placed on or near the property have been used in the improvement, absent proof to the contrary.

In the instant case, the only tangible construction in connection with the building project was done at the steel fabrication plant of plaintiff. The completed steel materials were not only never delivered to

defendants' building site but they remained at all times in plaintiff's possession and control at plaintiff's plant.

Further, a mechanics' lien may be levied only on the improvement on which the work is done or for which the materials is used. A careful reading of plaintiff's mechanics' lien claim reveals that there is no improvement on the plaintiff's land which has received plaintiff's materials and, therefore, no right to a lien arises. "No amount of labour or materials furnished for the erection of a building, would create a lien if no building should be erected." Mulach Steel Corp. v. Mountvue Corp. 133 Pittsburgh L.J. 48 (1964); The Presbyterian Church v. Stettler, 26 Pa. 246, 247 (1856).

The most that can be said of the allegations set forth in plaintiff's Mechanics' Lien Claim is that the steel fabrications were specifically manufactured for and identified to defendants' building project. We hold that special manufacturing of materials for a building project does not trigger the operation of the Mechanics' Lien Law. Were we to allow this lien to stand on such a basis, we would be ignoring the clear dictates of the law and reach a result which, in our view, was never intended by the legislature.

For the reasons set forth above, we enter the following

### ORDER

And now, this October 28, 1983, it is hereby ordered and decreed that defendants' preliminary objections to plaintiff's mechanics' lien claim be and are hereby sustained and the prothonotary is directed to strike said mechanics' lien filed to 82 ML 122.