J-A12039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NY SENIUK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CLAIRE BIRNEY, | |
| Appellee | No. 1994 EDA 2015 |

Appeal from the Order Entered June 16, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2009-08887-MJ

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 11, 2016**

This is an appeal from the order entered in the Court of Common Pleas of Chester County striking Ny Seniuk's ("Appellant") mechanics' lien action for failure to timely prosecute under 49 P.S. §1701(d), *infra*.  We affirm.

The trial court aptly summarizes the factual and procedural history of the case *sub judice* as follows:

> On August 7, 2009, Plaintiff [hereinafter "Appellant"] initiated this matter by filing a mechanics' lien claim in the amount [of] $15,837.00.[1]  The mechanics' lien was served upon Defendant [hereinafter "Appellee"] on the same day, as reflected by the Sheriff's Affidavit of Service filed on August 12, 2009.  In response to a Rule to File a Complaint, Appellant filed a Mechanics' Lien Complaint setting forth three causes of action, breach of oral contract, quantum meruit and book account.  The Complaint was filed under the above-captioned mechanics' lien term number.  On September 30, 2009, Appellee filed an Answer to the Complaint setting forth New Matter and a Counterclaim. On October 20, 2009, Appellant filed a reply to Appellee's New Matter and Counterclaim and Asserted additional New Matter.[2]

*Former Justice specially assigned to the Superior Court.

1 The mechanics' lien relates to the property located at 584 Hannum Mill Road, P.O. Box 41, Chatham, Chester County, Pennsylvania, 19318

2 Appellee did not answer new New Matter in the October 20, 2009 filing by Appellant.

Appellant took no further action to have the case listed for trial until November 27, 2013. On November 27, 2013, Appellant filed a Praecipe for Determination, as required by local rule. On June 27, 2014, Appellant provided Court Administration with a copy of Praecipe to List for Trial which was previously filed on November 27, 2013.[] Subsequent to receiving a copy of Appellant's Praecipe to List for Trial, the case was placed on the next civil trial list before the undersigned.

On August 11, 2014, Appellee filed a Motion to Strike Plaintiff's Mechanics' Lien Claim for Failure to Comply with 49 Pa.C.S.A. § 1701(d) (hereinafter, the "Motion") and a memorandum of law in support thereof. On August 28, 2014, Appellant filed a Motion to Strike Defendant's Motion to Strike Mechanics' Lien[] and Petition to Confirm Discovery Closed and Defendant's Objection to Trial Listing as Terminated with All Such Intervening Periods Being Attributed to Defendant's Delay.5 On September 11, 2014, Appellee filed a Reply to Plaintiff's Motion to Strike Appellee's Motion to Strike. . . . On October 31, 2014, Appellant filed a Motion to Reduce Time Calculations Under 49 P.S. § 1701(e) (if Applicable) Due to Periods of Administrative Delay and for Relief *Nunc Pro Tunc*.

5 Appellant asserts that Appellee's counsel refused to agree to certify the case as trial ready and confirm that discovery was completed, and due to defense counsel's inaction the time period from April 2011 to November 27, 2013 should be excluded from the five (5) year time period within which a judgment on a mechanics' lien must be entered. Although Appellant's counsel believes that it is "required and is customary in Chester County" for the parties to

> agree to certify the case as trial ready; we disagree. The language contained in C.C.R.C.P. 249.3 is clear and unambiguous. Nothing in this rule requires a defendant's consent to have a matter listed for trial. Furthermore, even assuming Appellee did not consent to a trial listing, that refusal did not prevent Appellant from properly listing the matter for trial. Accordingly, a review of the docket shows that Appellee did not cause any delay in the prosecution of this case.

---

By Order entered on June 15, 2015, the mechanics' lien action was stricken for Appellant's failure to timely prosecute. On June 29, 2015, Appellant timely appealed the Court's June 15, 2015 Order in response to which the [trial court] directed Appellant to file of record and serve upon the [trial court] a Concise Statement. On July 21, 2015, Appellant filed a timely Concise Statement.

Trial Court Opinion, filed Sept. 4, 2015, at 1-2.

Appellant presents the following questions for our review:

A. Whether Judge Mahon erred in strictly construing the Mechanic's Lien Law by failing to take into consideration: 1) the fact that the parties had treated the claims of the Appellant as a claim under 49 P.S. § 1702; 2) that the Law had been reenacted in 1963; and, 3) that delaying tactics by Appellee's counsel (and a further eight (8) month delay by the Court) should have resulted in a determination that the case should have moved forward to trial under Section 1702 of the Law or a recalculation of the time period to allow the case to go to trial?

B. Whether Judge Mahon erroneously failed to take into consideration that equitable arguments should be permitted—especially where the Appellee has filed an answer to the complaint, raised a counterclaim seeking significant damages (greater than the initial claim) and has generally treated this as a separate civil action not subject to any five year time limitation—up until the time that in a "gotcha" move—when Appellee asserted that the case was to be dismissed because

the action was filed at the same term and number as the mechanic's lien and five (5) years had passed?

C. Whether Judge Mahon's ruling erred in failing to consider the argument for *nunc pro tunc* relief whereby the mechanic's lien could be stricken but the civil action could be filed under a different term and number as of the date that it was initially filed under the mechanic's lien claim number thereby allowing the case to proceed to trial?

D. Whether Judge Mahon's ruling erroneously envisions no procedure to equitably address delays in trial or deceptive practices thereby leading to the sort of gamesmanship that has taken place in this case and which is contrary to basic tenets of civility in the bar and fundamental fairness?

Appellant's brief at 4.

After careful review of the record, party briefs, and the trial court's Pa.R.A.P. 1925(a) opinion, we discern no error with the court's reliance on ***Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Company***, 90 A.3d 682 (Pa. 2014) (rejecting liberal reading of Mechanic's Lien Law championing "spirit" of statute in favor of strict construction where statutory language at issue clearly evinced legislative intent) to resolve the dispositive issue in this matter.[1] Specifically, Section 1701(d) of the Mechanics' Lien Law provides:

---

[1] In this regard, we are guided by the governing standards of review articulated in ***Bricklayers***:

As this matter implicates an issue of statutory interpretation, our task is to determine the will of the General Assembly using the

*(Footnote Continued Next Page)*

A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict or judgment, as provided above, the claim shall be wholly lost. Provided, however, That in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of all motions and petitions of defendants, substituted defendants and intervenors in the cause, and in any appeal or appeals from any order in the cause, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of common pleas, shall be excluded in the computation of the five (5) year period herein provided.

49 P.S. § 1701(d).

As noted, *supra*, verdict was not recovered nor was judgment entered within five years of the time in which Appellant filed his claim. Moreover, for reasons expressed in the trial court's opinion, we reject Appellant's

*(Footnote Continued)* ──────────────

language of the statute as our primary guide." ***Osprey Portfolio, LLC v. Izett***, [620] Pa. [274, 281], 67 A.3d 749, 754 (2013) (internal quotation marks omitted). ***See generally*** 1 Pa.C.S. § 1928(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."). When the words of a statute are clear and precise, reviewing courts may not disregard those words under the pretext of pursuing the "spirit" of the enactment. ***See id.*** § 1921(b). Where, however, there is a conflict or ambiguity, we may resort to the tools of statutory construction. ***See Oliver v. City of Pittsburgh***, 608 Pa. 386, 394, 11 A.3d 960, 965 (2011). In so doing, we keep in mind that such tools are used as an aid in uncovering the intent of the Legislature, which is always the objective in matters of statutory construction. ***See Commonwealth v. Baker***, 547 Pa. 214, 221, 690 A.2d 164, 167 (1997).

***Id.***, at 39–40, 90 A.3d at 690 (footnote omitted).

argument that the court's computation erroneously failed to exclude delay allegedly attributable to both Appellee and the trial court; in fact, no such delay is apparent in the record. Accordingly, we adopt the comprehensive and cogent analysis provided in the trial court's Pa.R.A.P. 1925(a) opinion in affirming the order entered below. Moreover, we direct the parties to attach a copy of the trial court's opinion in the event of further proceedings.

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016

Circulated 07/20/2016 09:40 AM

EXHIBIT
"B"

NY SENIUK

2015 SE~ -~      ~N THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

V.

: CIVIL ACTION

CLAIRE P. BIRNEY                                   : NO. ~~2009-13350~~

2009-08887

John S. Carnes, Jr., Esquire and Dennis B. Young, Esquire, Attorneys for Plaintiff
Michael T. Imms, Esquire, Attorney for Defendant

## OPINION

**AND NOW**, this ___4th___ day of September, 2015, this Opinion is filed pursuant to

Pa.R.A.P. 1925 in response to Plaintiff's timely Statement of Errors Complained of on Appeal

("Concise Statement") filed on July 21, 2015.

## PROCEDURAL AND FACTUAL HISTORY

On August 7, 2009, Plaintiff initiated this matter by filing a mechanics' lien claim in the amount
$15,837.00.[1] The mechanics' lien was served upon Defendant on the same day, as reflected by
the Sheriff's Affidavit of Service filed on August 12, 2009. In response to a Rule to File a
Complaint, Plaintiff filed a Mechanics' Lien Complaint on September 16, 2009. More
specifically, Plaintiff filed a civil Complaint setting forth three causes of action, breach of oral
contract, quantum meruit and book account. The Complaint was filed under the above-captioned
mechanics' lien term number. On September 30, 2009, Defendant filed an Answer to the
Complaint setting forth New Matter and a Counterclaim. On October 20, 2009, Plaintiff filed a
Reply to Defendant's New Matter and Counterclaim and Asserted additional New Matter.[2]

Plaintiff took no further action to have the case listed for trial until November 27, 2013. On
November 27, 2013, Plaintiff filed a Praecipe to List the Case for Trial but did not serve it on
Court Administration or file a Preaecipe for Determination, as required by local rule. On June 27,
2014, Plaintiff provided Court Administration with a copy of the Praecipe to List for Trial which
was previously filed on November 27, 2013.[3] Subsequent to receiving a copy of Plaintiff's
Praecipe to List for Trial, the case was placed on the next civil trial list before the undersigned.

---

[1] The mechanics' lien relates to the property located at 584 Hannum Mill Road, P.O. Box 41, Chatham, Chester
County, Pennsylvania, 19318.
[2] Defendant did not answer new New Mater in the October 20, 2009 filing by Plaintiff.
[3] On July 9, 2014, this case was administratively reassigned to the undersigned. The assignment of civil cases in the
Chester County Court of Common Pleas is to individual judge calendars.

1   39

On August 11, 2014, Defendant filed a Motion to Strike Plaintiff's Mechanics' Lien Claim for Failure to Comply with 49 Pa.C.S.A. § 1701(d) (hereinafter, the "Motion") and a memorandum of law in support thereof. On August 28, 2014, Plaintiff filed a Motion to Strike Defendant's Motion to Strike Mechanics' Lien[4] and Petition to Confirm Discovery Closed and Defendant's Objection to Trial Listing as Terminated with All Such Intervening Periods Being Attributed to Defendant's Delay.[5] On September 11, 2014, Defendant filed a Reply to Plaintiff's Motion to Strike Defendant's Motion to Strike Mechanics' Lien and Defendant's Answer to Plaintiff's Petition to Confirm Discovery Closed and Defendant's Objections to Trial Listing as Terminated with All Such Intervening Periods Being Attributed to Defendant's Delay. On October 31, 2014, Plaintiff filed a Motion to Reduce Time Calculations Under 49 P.S. § 1701(e) (if Applicable) Due to Periods of Administrative Delay and for Relief *Nunc Pro Tunc*. On November 21, 2014, Defendant filed its Answer to Plaintiff's Motion to Reduce Time Calculations Under 49 P.S. § 1701(e) (if Applicable) Due to Periods of Administrative Delay and for Relief *Nunc Pro Tunc*.

By Order entered on June 15, 2015, the mechanics' lien action was stricken for Plaintiff's failure to timely prosecute. On June 29, 2015, Plaintiff timely appealed the Court's June 15, 2015 Order in response to which the Court directed Plaintiff to file of record and serve upon the undersigned a Concise Statement. On July 21, 2015, Plaintiff filed a timely Concise Statement.

## DISCUSSION

In the Concise Statement, Plaintiff raises five (5) issues on appeal. Those issues in Plaintiff's own words are as follows:

1. Whether the trial court erred in strictly construing the Mechanics' Lien Act in violation of the liberal rules of civil procedure and statutory construction by failing to take into consideration, *inter alia*, the reenactment of the Act in 1963, the delaying tactics by defense counsel, and the further eight (8) month delay by the Court before the case was listed for trial? Would a liberal construction have resulted in a recalculation of the time period to allow the case to go to trial?

2. Did the trial court's ruling as to mootness fail to take into consideration that equitable arguments should be permitted, especially where the Defendant has filed an answer to the Complaint in equity, raised a counterclaim seeking significant damages (greater than the initial claim) and has generally treated this as a separate civil action not subject to any

---

[4] Plaintiff argues that Defendant's Motion to Strike Mechanics' Lien was improperly filed as a motion when it should have been filed as a petition since it asserts facts not of record. However, Plaintiff's argument lacks arguable merit as Defendant's motion is primarily based on the Court's docket.

[5] Plaintiff asserts that Defendant's counsel refused to agree to certify the case as trial ready and confirm that discovery was completed, and due to defense counsel's inaction the time period from April 2011 to November 27, 2013 should be excluded from the five (5) year time period within which a judgment on a mechanics' lien must be entered. Although Plaintiff's counsel believes that it is "required and is customary in Chester County" for the parties to agree to certify the case as trial ready; we disagree. The language contained in C.C.R.C.P. 249.3 is clear and unambiguous. Nothing in this rule requires a defendant's consent to have a matter listed for trial. Furthermore, even assuming Defendant did not consent to a trial listing, that refusal did not prevent Plaintiff from properly listing the matter for trial. Accordingly, a review of the docket shows that Defendant did not cause any delay in the prosecution of this case.

2  40

such five year time limitation up until the time that in a "gotcha" move, Defendant asserted that the case was to be dismissed because the action was filed at the same term number and five (5) years had passed?

3. Whether the trial court erred when it rejected the claim that the case should be treated as a general breach of contract claim not subject to Section 1701(d), when the Defendant at all times treated the action as a general breach of contract action, filing an answer and new matter when there is no basis for these sort of pleadings under a Mechanics' Lien Claim which specifically prohibits same at Section 1701(e) which states: "Defense to Action on Claim – A setoff arising from the same transaction or occurrence from which the claim arose may be pleaded but may not be made the basis of the counterclaim? "

4. Whether the trial court erred in failing to consider the argument for *nunc pro tunc* relief whereby the mechanics' lien could be stricken but the civil action could be filed under a different term number as of the date that it was initially filed under the mechanics' lien claim number thereby allowing the case to proceed trial?

5. Whether the trial court's ruling erroneously envisions no procedure to equitably address delays in trial or deceptive practices thereby leading to the sort of gamesmanship that has taken place in this case and which is contrary to basic tenets of civility in the bar and fundamental fairness.

See Concise Statement, 7/21/15. As the Court will explain, these arguments form no basis for a successful appeal.

In the first issue raised on appeal, Plaintiff contends that the trial court erred in strictly construing the Mechanics' Lien Act of 1963 in violation of the liberal rules of civil procedure and statutory construction. Plaintiff further contends that the Court's ruling failed to consider the delaying tactics of defense counsel and the eight (8) month delay by Court Administration before the case was listed for trial. See Concise Statement, 7/21/15, at 1. However, Plaintiff's arguments afford him no relief.

Importantly, the Mechanics' Lien Law of 1963 is controlling in the instant case. Although the rules of civil procedure are to be liberally construed, see Pa.R.C.P. No. 126; this argument is misplaced. Rule 126 does not mandate the trial court to disregard procedural defects; rather, it permits the trial court, in the exercise of its discretion, to do so where the substantive rights of the opposing parties have not been prejudiced. Anderson v. Centennial Homes. Inc., 594 A.2d at 739 (Pa. Super. 1991). Moreover, in the context of this particular case, even a liberal application of the rules of civil procedure cannot save Plaintiff's mechanics' lien claim. Plaintiff's appeal to discretionary aspects afforded by the rules of civil procedure cannot be used to circumvent the clear language of the Mechanics' Lien Law.

Plaintiff's mechanics' lien action was stricken for failure to prosecute based on the plain language of section 1701(d). See Order, 6/15/15. The language of the Mechanics' Lien Law is clear and unambiguous and, as such, must be construed pursuant to common usage. See Friedman v. Grand Cent. Sanitation, Inc., 571 A.2d 373, 376 (Pa. 1990); Martin Stone Quarries, Inc. v. Robert M. Koffel Builders, 786 A.2d 998, 1002 (Pa. Super. 2001) (reasoning that

Mechanics' Lien Law is a creature of statute in derogation of the common law, and any questions of interpretation should be resolved in favor of a strict, narrow construction. To effectuate a valid lien claim, the contractor or subcontractor must be in strict compliance with the requirements of the Mechanics' Lien Law).

The time limitations applicable to the prosecution of mechanics' liens are set forth in section 1701(d) of the Mechanics' Lien Law of 1963 as follows:

> A verdict **must** be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment **must** be entered on a verdict **within five (5) years**. If a claim is not prosecuted to verdict or judgment, as provided above, the claim **shall** be wholly lost.

See 49 Pa.C.S.A § 1701(d) (emphasis added).

It is well settled that strict compliance with the Mechanics' Lien Law is necessary in order to effect a valid claim. The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of this statute conferring the right. J.H. Hommer Lumber Co. v. Dively, 584 A.2d 985 (Pa. Super. 1990) citing O'Kane v. Murray, 97 A. 94 (Pa. 1916); Brann & Stuart Co. v. Consolidated Sun Ray Inc., 253 A.2d 105 (Pa. 1969), cert. denied, 396 U.S. 840, 90 S.Ct. 102, 24 L.Ed.2d 91 (1970); McCarthy v. Reese, 215 A.2d 257 (Pa. 1965).

Here, the words of the statute are clear and unambiguous. The General Assembly used the words "shall" and "must" when enacting section 1701(d). The mandatory nature of these words prevents judicial discretion or the consideration of equitable arguments in the prosecution of the mechanics' lien claim. Plaintiff's argument undoubtedly fails to consider the plain language of section 1701(d), which dismisses a mechanics' lien claim if a judgment or a verdict is not obtained within five years of the filing of the claim. Here, the record reflects that Plaintiff filed the mechanics' lien claim on August 7, 2009. Thus, the claim had to be reduced to verdict or judgment by August 7, 2014, to comport with law.

A further review of the record establishes that the mechanics' lien claim was not reduced to judgment or verdict within the requisite five (5) year period. Although Plaintiff claims that the "spirit" of the statute should be applied and his client given a remedy; the Court will not disregard the clear and unambiguous language of the Act in pursuit of the "spirit" of the law. Bricklayers of W. Pa. Combined funds, Inc., v. Scott's Dev. Co., 90 A.3d 682 (Pa. 2014). Based on the plain language of the Mechanics' Lien Law, it would have been an error of law and an abuse of discretion for the Court to permit Plaintiff to prosecute the action more than five years after it was commenced. Consequently, Plaintiff's argument to the contrary is devoid of merit.

Plaintiff's next contends that the Court failed to consider the delay tactics of Defendant and the administrative delay by the Court. Concise Statement, 7/21/15. However, this argument affords Plaintiff no relief.

Section 1701(d) of the Mechanics' Lien Law of 1963 explicitly sets forth the limited exceptions to the five (5) year time bar as follows:

> Provided, however, that in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of **all motions and petitions of defendants**, substituted defendants and intervenors in the cause, **and in any appeal or appeals from any order in the cause**, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of common pleas, shall be excluded in the computation of the five (5) year period herein provided.

See 49 Pa.C.S.A § 1701(d) (emphasis added).

In the present case, we do not find that Defendant is responsible for the delay in the prosecution of the mechanics' lien claim. The plain language of the mechanics' lien statute excludes from the five (5) year rule any delay that is attributable to defendant's filing of motions and petitions or time associated with appeals. See 49 Pa.C.S.A § 1701(d). Here, Defendant filed her first motion on August 11, 2014. See Def.'s Mot. to Strike Pl.'s Mechanics Lien Claim for Failure to Comply with 49 Pa.C.S.A § 1701(d) , 8/11/14. Logic dictates that any delay caused by the filing of this motion is irrelevant to our analysis. Plaintiff had until August 7, 2014 to timely prosecute the mechanics' lien claim and Defendant did not file the Motion until August 11, 2014. Plaintiff's five (5) years to timely prosecute the claim had already expired as of the date that Defendant's filed the Motion. Furthermore, the instant appeal, commenced by Plaintiff, is the only appeal filed in this case. Accordingly, no delay in prosecuting the mechanics' lien claim cann be imputed to Defendant.

Plaintiff next asserts that the Court erred by dismissing the mechanics' lien action because a breakdown in the judicial system delayed the prosecution of the claim. However, Plaintiff's equitable argument affords him no relief.

Chester County Rule of Civil Procedure ("C.C.R.C.P.") Number 200 is crucial to this case and states in pertinent part:

### Assignment of Court Business

All civil litigation in this court shall be divided into the following categories:

Category A shall consist of all civil matters which include matters filed for jury trial, non-jury trial, equity matters, and cases appealed from arbitration.

5  43

**Category B shall consist of** miscellaneous matters such as name change petitions, license suspension appeals, **mechanics lien matters**, zoning appeals and other matters requiring disposition by a judge.

Category C shall consist of compulsory arbitrations.

See C.C.R.C.P. No. 200 (emphasis added).

Local rule 249.3 is also dispositive in this matter because it explains the Court's case listing policy. Rule 249.3 states in pertinent part:

## TRIAL READINESS

(a) A category A matter shall be presumptively deemed ready for trial twelve (12) months from the date of the initiation of the suit, which is the earliest date on which the case may be tried for purposes of Pa.R.C.P. No. 212.1(a). A category C matter (compulsory arbitrations) in which there has been an appeal from the award of arbitrators shall be presumptively deemed ready for trial two (2) months from the date of the filing of the appeal. Such matters shall immediately thereafter be placed on the trial list of the judge to whom the case is assigned, unless prior thereto an order has been entered deferring the placement on the trial list until a later date. Such order may be entered by the court on its own motion or pursuant to the procedures set forth in paragraph (b) below.

(c) At any time prior to placement of a case on the trial list pursuant to the procedures set forth above, the court, either on its own motion or **upon agreement of the parties or upon application of any party,** may determine that any matter is ready for trial, in which event the court shall file a trial readiness order and the court administrator shall then notify all parties that the case has been placed on the trial list.

See C.C.R.C.P. No. 249.3 (emphasis added).

Here, it is disingenuous for Plaintiff to now claim that the Court caused the delay when Plaintiff failed to comply with the local rules. Specifically, Plaintiff did not take the proper steps to have the matter listed for trial. Because mechanics' lien cases (Category B cases) are not subject to the Court's automatic one- year trial listing policy; it is the responsibility of the parties to notify Court Administration when the case is ripe for trial. It is undisputed that Plaintiff filed the mechanics' lien on August 7, 2009, but took no further action to have it listed for trial until November 27, 2013. On November 27, 2013, Plaintiff filed a Praecipe to List the Case for Trial but did not serve it upon Court Administration. Moreover, Plaintiff failed to file a Praecipe for

6 44

Determination as required by local rule. See C.C.R.C.P. 206.6 (stating, "to have any matter submitted to the Court for a decision, a party shall file with the Prothonotary a Praecipe for Determination.") That praecipe would cause the Prothonotary to transmit the request for a trial listing to the Court. Because Plaintiff did not file a certificate of trial readiness along with the necessary Praecipe for Determination, the Court was not alerted to Plaintiff's application for a trial date and could not issue a trial readiness order and assign a trial date. Given that Plaintiff failed to comport with the rules of procedure, any administrative delay was self-created.

On June 27, 2014, Plaintiff provided Court Administration with a copy of the Praecipe to List for Trial, filed on November 27, 2013. However, by the time Plaintiff provided Court Administration with the required document, approximately seven (7) more months had elapsed. Upon receiving a copy of Plaintiff's praecipe, Court Administration immediately placed the case on the undersigned's next civil trial list. However, given that more than four (4) years and ten (10) months had elapsed since the filing of the action, common sense dictates that the claim could not have gone to trial and be reduced to verdict or judgment within five (5) years. Importantly, Plaintiff did not attempt to have this matter scheduled earlier by requesting an administrative conference or filing an emergency motion for a trial date.

Plaintiff's assertion that the Court prevented the timely disposition of the mechanics' claim is merely an attempt to deflect blame. Contrary to Plaintiff's assertion that the Court's June 15, 2015 ruling permits "gotcha" moves by counsel, the Court's trial listing procedure is clearly delineated in the local rules. The Court states its case listing policy in this manner in an attempt to prevent any type of gamesmanship from occurring and to promote the orderly administration of litigation. Counsel is presumed to have read and comprehended the rules of procedure, including relevant local rules.

Even assuming arguendo that the Court contributed to an administrative delay in the prosecution of the claim, section 1701(d) of the Mechanics' Lien Law does not excuse this scenario. A plain reading of the Mechanics' Lien Law unequivocally establishes that the only time excludable from the five (5) year rule is delay that is attributable to Defendant or caused by appeal. It must be assumed that the legislature took delays, regardless of the source, into account when it established the five (5) year limitation. The statute must be followed whether strict or liberal, harsh or equitable. Consequently, Defendant is not entitled to relief on this claim.

In the second issue raised on appeal, Plaintiff contends that the trial court's ruling as to mootness failed to take into consideration that equitable arguments should be permitted, especially where Defendant has filed an Answer to the Complaint, raised a Counterclaim seeking significant damages and has generally treated this as a separate civil action, not subject to a five (5) year limitation. Concise Statement, 7/21/15, at 2. However, Plaintiff's contention is neither supported in fact nor law.

A plain reading of the local rules unequivocally establishes that mechanics' liens are deemed category B cases and are not subject to the Court's automatic case listing policy. We reiterate that this case was commenced as a mechanics' lien action and is subject to the strict statutory construction, including the five year rule. As such, Plaintiff's equitable arguments are irrelevant in the timely prosecution of this statutory claim. A Mechanics' lien claim must be strictly

7 45

construed to effectuate its purpose. <u>Castle Pre-Cast Superior Walls of Delaware, Inc. v. Strauss-Hammer</u>, 610 A.2d 503, 504 (Pa. Super. 1992) <u>citing</u> <u>Brann & Stuart Co. v. Consolidated Sun Ray Inc</u>, 253 A.2d 105 (Pa. 1969); <u>Wyatt Inc. v. Citizens Bank of Pennsylvania</u>, 976 A.2d 557, 564 (Pa. Super. 2009). Therefore, to effectuate a valid mechanics' lien claim, a plaintiff must strictly comply with the requirements of Title 49.[6]

Additionally, the Commonwealth rules of civil procedure prohibit a plaintiff from joining any other cause of action in a mechanics' lien action. Rule 1657 clearly states as follows:

> Actions Upon Mechanics' Liens:
>
> "No other cause of action may be joined with an action to obtain judgment on a claim except that where the improvement is located in more than one county and claims have been filed in more than one of said counties the plaintiff may join the claims in a single action."

Pa.R.C.P. No. 1657.

The rules of civil procedure also govern set-offs and counterclaims. A set-off, like a counterclaim, is a cause of action brought by the defendant in opposition to a plaintiff's claim and seeks affirmative relief against the plaintiff. <u>Kaiser by Taylor v. Monitrend Inv. Mgmt., Inc.</u>, 672 A.2d 359 (Pa. Commw. Ct. 1996). Unlike the counterclaim, however, a set-off is not a separate cause of action and therefore, must be based upon the same transaction underlying the plaintiff's cause of action. <u>Id</u>. The amount of any set-off is limited to the amount of the lien itself. <u>See</u> *Standard Pennsylvania Practice 2d*, § 105:215, at 267. "A set-off arising from the same transaction or occurrence upon which the [mechanics'] claim is based may be pleaded as new matter. No counterclaim may be asserted." Pa.R.C.P. No. 1658.

Pursuant to the rules of civil procedure and in response to the Complaint filed on September 16, 2009, Defendant filed an Answer, New Matter and Counterclaim on September 30, 2009. Defendant's counterclaim was filed in derogation of Pa.R.C.P. No. 1658. However, the counterclaim may be liberally construed under the rules as a set-off since it seeks damages for repairing Plaintiff's alleged defective workmanship. Pa.R.C.P. 126. Mistakenly asserting a set-off as a counterclaim rather than new matter is not fatal to the cause of action and does not excuse Plaintiff's impermissible joining of claims.

Having determined that the counterclaim is really in the nature of a set-off, the amount of the counterclaim is a red herring. Contrary to Plaintiff's contention, the counterclaim, deemed a setoff, may exceed the amount of the mechanics' lien claim. In this scenario, defendant as the prevailing party, would be entitled to an award of zero (0) dollars. Defendant could not recover any damages in excess of the mechanics' lien claim. This type of set-off would simply defeat the mechanics' lien claim. Defendant would need to file a separate civil action to potentially recover any further damages. In sum, a setoff may act as a shield but not a sword.

---

[6] Notably, Plaintiff provides the Court with no authority to the contrary. Rather, Plaintiff mistakenly attempts to rely on the inherent nature of the Court's equitable power.

8

Even assuming arguendo that Defendant's Counterclaim is improper under § 1701(e), the proper remedy is for it to be stricken. The striking of Defendant's counterclaim still would not permit Plaintiff to pursue impermissible claims under the Act. Accordingly, Plaintiff is not entitled to relief on this claim.

In the third issue claimed on appeal, Plaintiff avers that the Court erred by rejecting his contention that this case should be treated as a general breach of contract claim, not subject to section 1701(d). Concise Statement, 7/21/15/ at 2. However, we disagree. Importantly, Plaintiff chose to proceed solely under the Mechanics' Lien Law instead of commencing a separate civil action to advance any potential common law claims. To reiterate, the rules of civil procedure prohibit the joining of any other causes of action with a mechanics' lien claim. Therefore, we infer from Plaintiff's actions that he has always intended to treat this as a mechanics' lien case.

It is axiomatic in this Commonwealth that a plaintiff may commence a civil action by filing with the Prothonotary either a praecipe for a writ of summons or a complaint.[7] Pa.R.C.P. No. 1007: Shackelford v. Chester Cnty. Hosp., 690 A.2d 732 (Pa. Super. 1997). However, Plaintiff commenced the instant action by filing only a mechanics' lien claim in the amount $15,837.00. The civil cover sheet along with the Notice of Mechanics' Lien filed by Plaintiff clearly designate this action as a mechanics' lien case. See Civil Cover Sheet 8/7/09; Notice of Mechanics' Lien, 8/7/09. Moreover, a civil action cannot be effectuated by filing a Notice of Mechanics' Lien.[8]

The Mechanics' Lien Law is intended to protect prepayment labor and materials that a contractor invests in another's property by allowing the contractor to expeditiously obtain a lien interest in the property involved. However, a mechanics' lien proceeding is not intended to settle the contractual obligations of the parties. 49 P.S. §§ 1101 et seq.; Artsmith Dev. Grp., Inc. v. Updegraff, A.2d 495, 497 (Pa. Super. 2005). Accordingly, Plaintiff may not circumvent the rules of civil procedure to merely avoid the consequences of his choice to initiate a mechanics' lien action.

Plaintiff's claim that Defendant has treated this matter as a general civil action by filing a Rule to file a Complaint is misplaced. Upon being served with the mechanics' lien claim, Defendant filed a Rule to file a Complaint. This procedure is authorized by 49 P.S. § 1506. Specifically, section 1506 states in relevant part as follows:

> "Entry of rule; effect. At any time after the completion of the work
> by a subcontractor, any owner or contractor may file a rule or
> rules, as of course, in the court in which said claim may be filed;
> requiring the party named therein to file his claim within thirty
> (30) days after notice of said rule or be forever barred from so
> doing. The rule shall be entered by the prothonotary upon the
> judgment index and in the mechanics' lien docket. Failure to file a

---

[7] The rules also require that "original process ... be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. No. 401.

[8] We reiterate that counsel is presumed to have read and comprehended the rules of procedure.

9 47

> claim within the time specified shall operate to wholly defeat the right to do so. If a claim be filed, it shall be entered as of the court, term and number of the rule to file the same."

49 Pa. C.S.A. § 1506(a). Consequently, Defendant cannot be deemed to have treated this as a general civil action for exercising her statutory right.

Similarly, Defendant's filing of an Answer, New Matter and Counterclaim in response to the Complaint does not unilaterally convert the matter into a general civil action. Furthermore, the filing of an Answer and New Matter is not fatal to the action. Defendant can proceed in this manner if she chooses. However, by proceeding in this manner rather than filing preliminary objections, Defendant may have missed the opportunity to assert certain procedural challenges to the mechanics' lien claim. Defendant remains able to attain a similar procedural challenge by a different means, i.e. the filing of the Motion. In short, Defendant's filings did not modify Plaintiff's cause of action. Consequently, Plaintiff is required to prosecute the mechanics' lien claim in the time allotted by the statute.

Because of the *in rem* nature of a mechanics' lien claim, a defendant is prohibited from asserting a counterclaim, that is, a claim against a plaintiff that could result in an affirmative judgment for the defendant. A set-off, which is a claim against a plaintiff that may be used only to diminish his or her recovery, is permitted, however, provided that it arises from the same transaction or occurrence upon which the plaintiff's claim is based. Here, even assuming that Defendant's Counterclaim, which the Court treated as a set-off, is somehow improper under § 1701(e); the proper remedy is for the Counterclaim to be stricken; not to unilaterally recast the action as a breach of contract case. Accordingly, Plaintiff's argument is without merit.

In the fourth issue claimed on appeal, Plaintiff contends that the Court erred by failing to consider his argument for *nunc pro tunc* relief, whereby the mechanics' lien could be stricken but the civil action could be filed under a different term number as of the date that it was initially filed under the mechanics' lien claim number, thereby allowing the case to proceed trial. Concise Statement, 7/21/15/ at 2. However, this argument misstates the obligation of the Court.

Because a mechanics' lien represent a unique remedy in favor of a special class of creditors, courts have generally reviewed such claims with a strict construction of the statute which created them. Brann & Stuart Co., 253 A.2d at 106; McCarthy, 215 A.2d 2 at 258. Here, Plaintiff chose to proceed solely under the Mechanics' Lien Law and therefore, is bound by the narrow requirements of the statute. The Court will not intervene in the litigation and circumvent the rules of procedure or the prothonotary's filing requirements. Here, leave of Court was not required for Plaintiff to withdraw the improper breach of contract claim. Rather, at any point prior to the Court issuing its July 2, 2015 Order, striking the action, Plaintiff could have availed himself to the rules of civil procedure and withdrawn the mechanic lien claim and pursued only the common law claims. Along with withdrawing the mechanics' lien claim, Plaintiff could have commenced a separate general, civil action. The initiation of the new civil action would have also required effectuating proper service and paying the associated filing fee. However, Plaintiff chose to proceed solely under the mechanics' lien case number. Accordingly, Plaintiff's failure to follow proper procedure in this matter does not obligate the Court to procedurally adjust the case for counsel or adequately justify relief *nunc pro tunc*.

10    48

In the last issue claimed on appeal, Plaintiff claims that the trial court's ruling erroneously envisions no procedure to equitably address delays in trial or deceptive practices thereby leading to the sort of gamesmanship that has taken place in this case and which is contrary to basic tenets of civility in the bar and fundamental fairness. However, this argument is incongruent and without merit. Concise Statement, 7/21/15, at 2.

Plaintiff's argument amounts to a refusal to accept responsibility for a self-created issue. Contrary to Defendant's argument, the Court's June 15, 2015 decision envisions a procedure for the timely prosecution of claims. Specifically, that procedure entails complying with the laws of this Commonwealth and rules of civil procedure. It was Plaintiff's repeated disregard of the rules of civil procedure, the Mechanics' Lien Act, and local practice that resulted in the dismissal of the action. Gamesmanship that is contrary to basic tenets of civility played no role in the Court's ruling. Fundamental fairness dictates that neither the Court nor Defendant is obligated to assist Plaintiff in the prosecution of his claim. Furthermore, as thoroughly discussed *supra*, we find that Defendant did not contribute to the delay of the prosecution of the mechanics' lien. Therefore, it would be in derogation of the rules of Court and a perversion of the system for the Court to favor one party over another. If a party wishes to take advantage of a mechanics' lien, he must avail himself to the statute as the General Assembly intended. Accordingly, we do not find improper gamesmanship.

For all the reasons above, it is respectfully requested that the decisions of this Court be affirmed.

BY THE COURT:

_____
William P. Mahon, J.

49